THE STATE OF OHIO, APPELLEE, *v.* WOGENSTAHL, APPELLANT.

[Cite as *State v. Wogenstahl* (1996), 75 Ohio St.3d 273.]

(No. 95–1165—Submitted September 12, 1995—Decided March 6, 1996.)

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *William E. Breyer,* Assistant Prosecuting Attorney, for appellee.

*Jeffrey A. Wogenstahl, pro se.*

---

*Per Curiam.* The determinative question before this court is whether the court of appeals erred in dismissing appellant's application to reopen for lack of jurisdiction. S.Ct.Prac.R. II(2)(D)(1) states: "After an appeal is perfected from a court of appeals to the Supreme Court, the court of appeals is divested of jurisdiction, except to take action in aid of the appeal, to rule on an application for reconsideration filed with the court of appeals pursuant to Rule 26 of the Rules of Appellate Procedure, or to rule on a motion to certify a conflict under Article IV, Section 3(B)(4) of the Ohio Constitution."■

Under the clear language of the foregoing rule, appellant's notice of appeal to this court divested the court of appeals of jurisdiction to rule upon his application to reopen. Accordingly, the court of appeals properly dismissed appellant's application.

We also note that in response to our decision in *Murnahan, supra,* the July 1, 1993 amendment to App.R. 26(B) has created an "Application for Reopening" to raise ineffective assistance of appellate counsel claims in the court of appeals. Accordingly, claims asserting ineffective assistance of appellate counsel in capital cases must be raised on direct appeal to this court, unless the capital defendant "shows good cause for filing at a later time." App.R. 26(B)(1).

The judgment of the court of appeals is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS, J., concurs in judgment only.