THE STATE OF OHIO, APPELLEE, *v.* HILL, APPELLANT.

[Cite as *State v. Hill* (1997), 78 Ohio St.3d 174.]

(No. 96–2370—Submitted March 4, 1997—Decided April 16, 1997.)

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Philip R. Cummings,* Assistant Prosecuting Attorney, for appellee.

*Gary W. Crim,* for appellant.

*Per Curiam.* We affirm the judgment of the court of appeals for the reasons stated in its journal entry, which is appended hereto.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

## APPENDIX

STATE OF OHIO, Plaintiff–Appellee vs. JEFFREY D. HILL, Defendant–Appellant.

No. C–920497

ENTRY DENYING APPLICATION FOR REOPENING.

This cause came on to be considered upon the application of defendant-appellant Jeffrey D. Hill for reopening the appeal wherein judgment was entered by this court in *State v. Hill* (Dec. 22, 1993), Hamilton App. No. C–920497, unreported, and the memoranda filed by the parties in connection therewith.

App.R. 26(B)(2)(b) requires a showing of good cause for filing an application to reopen more than ninety days after journalization of the appellate judgment. Appellant argues that there is good cause for filing this application approximately two and one-half years after this court's judgment was journalized because the same attorney participated in representing appellant in the direct appeals of his capital case to this court and to the Ohio Supreme Court (and, apparently, in subsequent motions).

In *State v. Williams* (1996), 74 Ohio St.3d 454, 455, 659 N.E.2d 1253, 1254, the court held that:

"[I]ssues of ineffective assistance of appellate counsel must be raised at the first opportunity to do so. Thus, in capital cases in which the death penalty has been imposed for offenses committed before January 1, 1995, such issues must be raised in the first appeal as of right in this court, unless, because of unusual circumstances, applying the doctrine of *res judicata* would be unjust. See *State v. Murnahan* [ (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204, 1209]."

Considering that appellant also received new counsel on appeal to the Ohio Supreme Court, that such counsel did raise in the Supreme Court the issue of ineffective assistance of counsel before the Court of Appeals, and that many of the issues appellant now attempts to raise have already been addressed in the

Supreme Court's decision, we find no injustice in applying the doctrine of res judicata.

Therefore, appellant's application for reopening is denied.