**[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 516.]**

THE STATE OF OHIO, APPELLEE, *v.* WOGENSTAHL, APPELLANT.

[Cite as *State v. Wogenstahl*, 1998-Ohio-587.]

*Appellate procedure—S.Ct.Prac.R. II(2)(D)(1)—Delayed application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel—Application denied when applicant fails to establish good cause in filing an untimely delayed application.*

(No. 98-1146—Submitted August 19, 1998—Decided November 10, 1998.)

APPEAL from the Court of Appeals for Hamilton County, No. C-930222.

———————————

{¶ 1} Appellant, Jeffrey A. Wogenstahl, was convicted of aggravated murder, kidnapping, and aggravated burglary, and sentenced to death. The Court of Appeals for Hamilton County affirmed the judgment of the trial court. *State v. Wogenstahl* (Nov. 30, 1994), Hamilton App. No. C-930222. This court affirmed the convictions and death sentence. *State v. Wogenstahl* (1996), 75 Ohio St.3d 344, 662 N.E.2d 311.

{¶ 2} During the pendency of the appeal of his convictions and death sentence, appellant filed an application before the court of appeals to reopen his appeal pursuant to App.R. 26(B), arguing ineffective assistance of appellate counsel. The court of appeals denied appellant's application to reopen for lack of jurisdiction pursuant to S.Ct.Prac.R. II(2)(D)(1). The court of appeals noted that under *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, paragraph two of the syllabus, appellant's claims of ineffective assistance of appellate counsel could be raised on his direct appeal to this court.

{¶ 3} Upon appeal, this court affirmed. *State v. Wogenstahl* (1996), 75 Ohio St.3d 273, 662 N.E.2d 16. Shortly after that decision was rendered, this court

amended S.Ct.Prac.R. II(2)(D)(1) to permit the court of appeals to retain jurisdiction to rule on an application for reopening while the case is pending before the Ohio Supreme Court.

{¶ 4} On or about March 4, 1998, appellant filed a "Delayed Application for Reopening" before the court of appeals, alleging ineffective assistance of appellate counsel. In an entry filed May 21, 1998, the court of appeals denied the application because appellant had failed to demonstrate good cause for filing the application more than two years after the amendment to the Supreme Court Rules of Practice. In addition, the court of appeals held that appellant's application was barred by the doctrine of *res judicata,* since appellant had already raised, and this court determined, the issue of appellate counsel's effectiveness in his direct appeal to this court.

{¶ 5} Appellant now appeals the denial to this court.

———————————

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *William E. Breyer*, Assistant Prosecuting Attorney, for appellee.

*Jeffrey A. Wogenstahl*, *pro se*.

———————————

***Per Curiam***.

{¶ 6} The determinative question before this court is whether the court of appeals erred in dismissing appellant's delayed application to reopen for lack of good cause shown and on grounds of *res judicata.* We find that the court of appeals was correct in dismissing appellant's application to reopen, since appellant failed to demonstrate good cause in filing an untimely delayed application.

{¶ 7} Moreover, our decision in *State v. Wogenstahl,* 75 Ohio St.3d at 351, 662 N.E.2d at 318, determined that appellant's claim of ineffective assistance of appellate counsel lacked merit. In his instant appeal before this court, appellant simply argues the same errors that we rejected in his original death penalty appeal.

Therefore, that decision is *res judicata.* Application of the *res judicata* doctrine in this case is not unjust. See *State v. Murnahan,* 63 Ohio St.3d at 66, 584 N.E.2d at 1209.

{¶ 8} Appellant's argument that this court failed to separately consider and decide each and every instance of claimed ineffective assistance in that appeal is plainly wrong. As we noted in appellant's capital appeal, "this court is not required to address and discuss, in opinion form, each and every proposition of law raised by the parties in a death penalty appeal. See, *e.g., State v. Scudder* (1994), 71 Ohio St.3d 263, 267, 643 N.E.2d 524, 528." *State v. Wogenstahl,* 75 Ohio St.3d at 351, 662 N.E.2d at 318. Moreover, we stated that "[w]e have carefully considered each of appellant's propositions of law * * *. * * * [A]ppellant received * * * competent representation both at trial and on appeal. *We address, in opinion form, only those matters that merit some discussion.*" (Emphasis added.) *Id.*

{¶ 9} The judgment of the court of appeals is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____