This is an appeal from the order of the Hamilton County Court of Common Pleas denying the motion of the defendant-appellant, Jeffrey A. Wogenstahl, for leave to file a motion for a new trial on the ground of newly discovered evidence.
On September 1, 1992, Wogenstahl was indicted for aggravated murder, kidnapping and aggravated burglary. The alleged victim in the counts of aggravated murder and kidnapping was Amber Garrett, then ten years of age, and the premises involved in the alleged aggravated burglary were those of Amber's mother, with whom Wogenstahl had developed a casual acquaintanceship. Three death-penalty specifications were appended to the charge of aggravated murder and specifications of prior convictions accompanied the remaining accusations. The case was tried to a jury, which found Wogenstahl guilty as charged and, on March 3, 1993, recommended that the death penalty be imposed. That recommended sentence was imposed by the court on March 15, 1993.
On November 30, 1994, this court affirmed the conviction,State v. Wogenstahl (Nov. 30, 1998), Hamilton App. No. C-930222, unreported, and, in turn, the Supreme Court of Ohio affirmed it in State v. Wogenstahl (1996), 75 Ohio St.3d 344,662 N.E.2d 311.
On May 22, 1996, the Ohio Supreme Court granted a stay until final disposition of Wogenstahl's petition for a writ of certiorari to the United States Supreme Court. The United States Supreme Court denied Wogenstahl's petition on October 7, 1996. Wogenstahl v. Ohio (1996), 519 U.S. 895, 117 S.Ct. 240.
On September 20, 1996, Wogenstahl filed a petition for postconviction relief supported by affidavits and other documents. The petition was accompanied by a motion for an order directing the prosecuting attorney to disclose evidence, and a motion for an order directing the DNA testing of a bloodstain. On October 29, 1996, the Ohio Supreme Court granted a stay of execution pending exhaustion of postconviction remedies.
On November 27, 1996, the prosecution moved the trial court to dismiss the petition for postconviction relief. With that motion, the prosecution filed a response to the motion for an order directing the DNA testing of the bloodstain, and a memorandum in opposition to the motion to disclose evidence.
On February 24, 1997, the trial court filed findings of fact and conclusions of law and an entry dismissing the petition for postconviction relief. On February 27, 1997, the trial court filed an entry denying the motion for DNA testing of the bloodstain and an entry denying the motion to disclose evidence.
On March 25, 1997, Wogenstahl filed a notice of appeal to this court from the dismissal of his postconviction petition. That appeal was numbered C-970238 upon our docket.
On January 26, 1998, Wogenstahl filed in the trial court a motion for leave to file a motion for a new trial based on newly discovered evidence under Crim.R. 33(B). On February 3, 1998, the motion was denied. Wogenstahl filed the appealsub judice from the denial of his motion for leave to file a motion for a new trial.
When this court affirmed the dismissal of Wogenstahl's petition for postconviction relief, we wrote:
 Appellant's first assignment of error attacks the trial court's denial of his first claim for postconviction relief. This claim essentially amounted to a request to the trial court to order newly available, "significantly advanced" DNA testing on a blood speck that was found in the rear of appellant's automobile. At the time of appellant's trial, the blood speck was analyzed under then current DNA technology for genetic markers. The testing revealed that the bloodstain's classification was consistent with the blood of the victim, Amber Garrett, as well as 5.3 percent of the Caucasian population. The testing further revealed that the bloodstain was not consistent with a specimen taken from appellant.
 In support of his claim for relief, appellant presented the affidavit of Dr. Dan E. Krane, a Ph.D. in biochemistry, which stated that current DNA tests could definitely determine whether the source of the bloodstain was, in fact, Amber Garrett. Appellant argues that the trial court should have granted his claim for relief requesting the employment of the new technology to test the bloodstain because it could have possibly completely excluded Amber Garrett as a source of the blood.
State v. Wogenstahl (June 12, 1998), Hamilton App. No. C-970238, unreported.
Ultimately, we held that such assignment was without merit and that the trial court did not err in determining that Wogenstahl was not entitled to postconviction relief on this claim.
In the appeal sub judice, Wogenstahl again relies upon the affidavit of Dr. Dan E. Krane to support the thesis that the bloodstain analyzed originally should be retested.
On November 10, 1998, the Supreme Court of Ohio, in State v.Wogenstahl (1998), 83 Ohio St.3d 516, 700 N.E.2d 1254, decided to affirm the judgment of this court denying Wogenstahl's application to reopen the appeal of his convictions and sentence of death. The supreme court noted in the introductory paragraphs to the per curiam opinion:
 Appellant, Jeffrey A. Wogenstahl, was convicted of aggravated murder, kidnapping, and aggravated burglary, and sentenced to death. The Court of Appeals for Hamilton County affirmed the judgment of the trial court. State v. Wogenstahl (Nov. 30, 1994), Hamilton App. No. C-930222. This court affirmed the convictions and death sentence. State v. Wogenstahl (1996), 75 Ohio St.3d 344, 662 N.E.2d 311.
 During the pendency of the appeal of his convictions and death sentence, appellant filed an application before the court of appeals to reopen his appeal pursuant to App.R. 26(B), arguing ineffective assistance of appellate counsel. The court of appeals denied appellant's application to reopen for lack of jurisdiction pursuant to S.Ct.Prac.R. II(2)(D)(1). The court of appeals noted that under State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, paragraph two of the syllabus, appellant's claims of ineffective assistance of appellate counsel could be raised on his direct appeal to this court.
 Upon appeal, this court affirmed. State v. Wogenstahl (1996), 75 Ohio St.3d 273, 662 N.E.2d 16. Shortly after that decision was rendered, this court amended S.Ct.Prac.R. II(2)(D)(1) to permit the court of appeals to retain jurisdiction to rule on an application for reopening while the case is pending before the Ohio Supreme Court.
The court phrased the determinative issue before it as "whether the court of appeals erred in dismissing appellant's delayed application to reopen for lack of good cause shownand on grounds of res judicata." (Emphasis ours.)
Accordingly, the court declared:
 [O]ur decision in State v. Wogenstahl, 75 Ohio St. 3
d at 351, 662 N.E.2d at 318, determined that appellant's claim of ineffective assistance of appellate counsel lacked merit. In his instant appeal before this court, appellant simply argues the same errors that we rejected in his original death penalty appeal. Therefore, that decision is res judicata. Application of the res judicata
doctrine in this case in not unjust. See State v. Murnahan, 63 Ohio St.3d at 66, 584 N.E.2d at 1209.
On December 23, 1998, the supreme court denied Wogenstahl's motion to reconsider its affirmance of our dismissal of Wogenstahl's application to reopen his original appeal.
Wogenstahl's singular assignment of error in the current appeal is:
 The trial court abused its discretion and violated Appellant's right to due process under the Fourteenth Amendment to the United States Constitution and his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution by denying Appellant's motion for leave to file a motion for a new trial based on newly discovered evidence, namely, evidence of a definitive, identity[-] specific DNA test which could exclude the victim as the source of the bloodstain which was the key piece of evidence used by the prosecution to connect Appellant to the victim.
His subordinate issue is:
 Whether the denial of Appellant's motion for leave to file a motion for a new trial based on newly discovered evidence and the refusal to allow definitive, identity[-]specific DNA technology to completely exclude Amber Garrett as the source of the bloodstain and thereby to eliminate the key prosecution evidence connecting the victim with Appellant is an abuse of discretion and a violation of Appellant's substantive due process right to be free from cruel and unusual punishment.
We hold that Wogenstahl's assignment is not well taken and is overruled because the error asserted is the same as that which has been previously considered and rejected by this court and the Supreme Court of Ohio. Therefore, the assignment of error before us is barred from consideration under the doctrine ofres judicata. We emphasize the declaration of the supreme court that the application of this doctrine, one which is deeply engrained in our law, barring relitigation of a matter embodied within a final judgment rendered in the first instance by a court of competent jurisdiction, is not unjust. Particularly, this is so where, as here, the evidence upon which the jury found Wogenstahl to be guilty beyond a reasonable doubt was overwhelming, notwithstanding the absence of certainty about the source of the bloodstain.
The judgment of the Hamilton County Court of Common Pleas is affirmed.
Judgment affirmed.
SUNDERMANN, P.J., GORMAN and SHANNON, JJ.
RAYMOND E. SHANNON, retired, of the First Appellate District, sitting by assignment.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.