JOURNAL ENTRY AND OPINION
In State v. Jells, Cuyahoga County Court of Common Pleas Case No. CR-217570, applicant was convicted by a three-judge panel of aggravated murder with a specification for kidnapping and sentenced to death. This court affirmed that judgment in State v. Jells (Apr. 20, 1989), Cuyahoga App. No. 54733, unreported. The Supreme Court of Ohio affirmed applicant's conviction in State v. Jells (1990),53 Ohio St.3d 22, 559 N.E.2d 464.
Applicant has filed with the clerk of this court an application for reopening. Applicant asserts that he was denied the effective assistance of appellate counsel because appellate counsel failed to assert various assignments of error. We deny the application for reopening. As required by App.R. 26 (B)(6), the reasons for our denial follow.
Initially, we note that App.R. 26 (B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26 (B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
This court's decision affirming applicant's conviction was journalized on May 1, 1989. The application was filed on March 1, 1999, clearly in excess of the ninety-day limit. The state argues that applicant has not demonstrated good cause for the untimely filing of the application. We agree.
Applicant's counsel avers that a judge of the United States District Court for the Northern District of Ohio assigned counsel on November 2, 1998 to represent applicant in a federal habeas corpus proceeding. Counsel further avers that, upon review of the record, he identified several assignments of error which appellate counsel had not raised. "Due to the circumstances of his representation, it is only now that Mr. Jells can raise these constitutional errors." Application, at 2.
This court has held that "lack of counsel or misplaced reliance does not exonerate the defendant from ensuring that the application is filed timely." State v. Sizemore (1998), 126 Ohio App.3d 143,145-146, 709 N.E.2d 943 [8th Dist., Case No. 69944]. The "circumstances of [applicant's] representation" do not, therefore, provide a sufficient basis for demonstrating good cause.
Additionally, applicant's counsel implies that the date of his appointment as counsel in the federal habeas corpus action — more than ninety days prior to the filing of the application for reopening — provides a basis for determining that the application is timely. The Supreme Court has applied the requirement of a demonstration of good cause to applications for reopening filed in appeals from cases imposing the death penalty. See, e.g., State v.Fox (1998), 83 Ohio St.3d 514, 516, 700 N.E.2d 1253; State v.Wogenstahl (1996), 75 Ohio St.3d 273, 275, 662 N.E.2d 16. In Fox, the Supreme Court noted that the Ohio Public Defender undertook representation of the applicant more than two years before filing an application for reopening and concluded that, assuming good cause existed at the time the Public Defender commenced representation,
 good cause has long since evaporated. Good cause can excuse the lack of a filing only while it exists, not for an indefinite period. See State v. Hill (1997), 78 Ohio St.3d 174, 677 N.E.2d 337; State v. Carter (1994), 70 Ohio St.3d 642, 640 N.E.2d 811. We specifically reject Fox's claim that "once an applicant has established good cause for filing more than ninety days after journalization * * *, it does not matter when the application is filed."
Fox, supra, at 516. See also State v. Webb (1999), 85 Ohio St.3d 365,366, 708 N.E.2d 710. The Supreme Court decided State v.Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, in 1992 and promulgated App.R. 26 (B) effective in 1993. Any good cause which may have existed at one time did not exist at the time of filing the application.
Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. As a consequence, applicant has not met the standard for reopening.
Res judicata also requires that we deny the application for reopening.
 The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry (1967), 10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204.
State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, unreported, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
In his appeal to the Supreme Court of Ohio, applicant was represented by new counsel who had not represented him before this court. "The constitutional issue of ineffective assistance of appellate counsel either was raised or could have been raised in applicant's appeal by new counsel." State v. Johnson (Dec. 14, 1998), Cuyahoga App. No. 72541, unreported, reopening disallowed (May 27, 1999), Motion No. 4430, at 3-4, appeal dismissed (1999),86 Ohio St.3d 1464, 715 N.E.2d 566 [Case No. 99-1252].
We also note that one of applicant's appellate counsel was also trial counsel. "The postconviction remedies provide the appropriate avenue for such a challenge under these circumstances." State v.Fuller (Nov. 8, 1993), Cuyahoga App. Nos. 63987 and 63988, unreported, reopening disallowed (Oct. 14, 1994), Motion No. 56538, at 2, quoted in State v. Vaughn (June 27, 1985), Cuyahoga App. No. 49311, unreported, reopening disallowed (Sept. 10, 1997), Motion No. 81342, at 5. The involvement of trial counsel in the appeal provides another basis for our concluding that the application for reopening is not well-taken.
Likewise, the affidavit of counsel accompanying the application is not sufficient to comply with App.R. 26 (B)(2) which provides, in part:
 An application for reopening shall contain all of the following:
 (d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record * * *.
In Johnson, supra, applicant's counsel filed a second affidavit after appellee challenged his initial affidavit as failing to comply with App.R. 26 (B)(2)(d).
 Because neither of counsel's affidavits specifies the deficiency of trial and appellate counsel and how it prejudiced applicant's trial and appeal, we have no information with which to conclude that applicant suffered any prejudice at all. See State v. Sweet (1995), 72 Ohio St.3d 375, 650 N.E.2d 450.
Id. at 7.
In his affidavit, applicant's counsel avers that he is an attorney who was assigned to represent applicant in a federal habeas corpus proceeding. Counsel further avers that: his review of the record in applicant's case led him to identify several assignments of error which set forth prejudicial deficiencies in the representation of appellate counsel; if appellate counsel had identified these assignments of error, applicant's conviction and death sentence would have been vacated and relief would have been granted on appeal; and each assignment of error is substantive. These averments are comparable to those in Johnson, supra, and we must reach the same conclusion as we did in Johnson that the affidavit of applicant's counsel does not set forth "the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." App.R. 26 (B)(2)(d). As a consequence, applicant's failure to support the application with an affidavit which complies with the requirements of App.R. 26 (B)(2)(d) provides a ground for denying the application.
We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26 (B)(5). In State v. Spivey (1998), 84 Ohio St.3d 24,701 N.E.2d 696, the Supreme Court specified the proof required of an applicant:
 In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26 (B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.
Id. at 25. Applicant cannot satisfy either prong of the Strickland
test. We must, therefore, deny the application on the merits.
Applicant assigns six assignments of error which he asserts his appellate counsel should have raised. Applicant's first assignment of error is:
 THE PROSECUTOR IMPROPERLY ARGUED, DURING TRIAL AND CLOSING ARGUMENT AT THE GUILT PHASE OF APPELLANT'S CAPITAL TRIAL, EVIDENCE OF ANOTHER CRIME, RAPE, FOR WHICH PETITIONER WAS NOT INDICTED.
At trial, applicant moved for dismissal of the specification for aggravated robbery and the count of aggravated robbery filed against applicant. Trial Transcript ("TR.") at 441. The defense also requested that the trial court "direct out the felony murder specification, the kidnapping specification, the aggravated robbery specification, and the separate charges of aggravated robbery and kidnapping." TR. at 444. In response to the defense motion, the prosecutor agreed that the facts were not consistent with an aggravated robbery attempt. The prosecutor also argued that the circumstances suggested that the facts were consistent with kidnapping with the intent to commit a sexual assault. TR. at 445. The prosecutor made a similar assertion during closing argument.
 "The test regarding prosecutorial misconduct in closing arguments is whether the remarks were improper, and if so, whether they prejudicially affected substantial rights of the defendant." State v. Smith (1984), 14 Ohio St.3d 13. Additionally, because defense counsel failed to object to the alleged improper remarks of the prosecutor, this court need not consider any error unless it is plain error. Crim.R. 52 (B), State v. Coleman
(1989), 45 Ohio St.3d 298, 301. Plain error means that but for the existence of the error, the result of the trial would have been otherwise. State v. Wiles (1991), 59 Ohio St.3d 71, 86. Appellant contends that the prosecutor improperly made statements beyond the record. See, State v. Smith, supra.
State v. Snead (May 23, 1994), Cuyahoga App. No. 65384, unreported, at 11-12, appeal dismissed (1994), 70 Ohio St.3d 1455 [Case No. 94-1390]. Applicant has not directed our attention to any portion of the record reflecting an objection to the remarks of the prosecutor.
On direct appeal, this court overruled applicant's assignment of error asserting that the evidence was insufficient. In light of this holding, we cannot conclude that the remarks by the prosecutor resulted in applicant's conviction. "The remarks did not effect [sic] the outcome of the trial and are not plain error. Wiles,supra." Snead, supra, at 12. We also note that a three-judge panel heard the evidence against applicant. See State v. Cooey (1989),46 Ohio St.3d 20, 31, 544 N.E.2d 895. The remarks challenged by applicant do not, therefore, constitute plain error.
The body of the victim was found ten days after her murder "partially clad. Her underwear and jeans had been pulled down."State v. Jells (Apr. 20, 1989), Cuyahoga App. No. 54733, unreported, at 3. The prosecutor specifically mentioned these circumstances as the basis for arguing that the victim was kidnapped for the purpose of sexual gratification. TR. at 453, 519-520. "These statements were reasonable inferences that could be drawn from the evidence, so they were not improper. State v. Richey (1992), 64 Ohio St.3d 353,595 N.E.2d 915. Prosecutors are entitled to latitude as to what the evidence has shown and what inferences can be drawn therefrom. State v. Richey, supra at 362." Snead, supra,
at 12.
Applicant's first assignment of error is not, therefore, well-taken.
Applicant's second assignment of error is:
 THE TRIAL COURT ERRED IN GRANTING THE STATE'S PRE-TRIAL REQUEST FOR THE PERFORMANCE OF PSYCHIATRIC EVALUATIONS ON APPELLANT, AND SUBSEQUENTLY ERRED IN ADMITTING THOSE REPORTS AS EVIDENCE IN APPELLANT'S CAPITAL TRIAL.
"Based on the nature of the crime and the charges against [applicant]," TR. at 5, the state requested that the trial court refer applicant for psychiatric examination regarding his competency to stand trial and sanity at the time of the crime. The court granted the state's request.
Applicant cites R.C. 2929.03 (D)(1) which provides, in part: "A pre-sentence investigation or mental examination shall not be made except upon request of the defendant." [The language of this provision has not changed since applicant's prosecution. Am.Sub.S.B. No. 1, 139 Ohio Laws, Part I, II.] In State v. Allard (1996),75 Ohio St.3d 482, 663 N.E.2d 1277, the Supreme Court held that, although it was error for the trial court sua sponte to order and consider a presentence investigation report, this error was not plain error and, therefore, found no reversible error. Id. at 488,et seq.
Applicant does not, however, cite Allard nor does applicant cite any controlling authority in effect at the time of applicant's direct appeal to this court. In State v. Dukes (June 29, 1998), Cuyahoga App. No. 71397, unreported, reopening disallowed (Dec. 9, 1998), Motion No. 99119, at 7, et seq., this court held that counsel is not responsible for accurately predicting developments in the law. Any authority issued after this court determined applicant's direct appeal would not, therefore, provide a sufficient basis for concluding that appellate counsel was ineffective.
The authorities which applicant does cite pertain to the use of psychiatric examinations during the sentencing phase of a capital case on the issue of future dangerousness. Applicant does not argue the relevance of the holdings regarding future dangerousness to the proceedings before the three-judge panel which heard his trial.
Additionally, although counsel for applicant objected to the trial court's referral of applicant for psychiatric examination, counsel did not object to the admission of the report in evidence. As noted above, the admission of this evidence would not constitute plain error unless it resulted in applicant's conviction.
We also discussed above that appellate counsel assigned as error the insufficiency of the evidence. This court found that the trier of fact could reasonably find applicant guilty of aggravated murder with prior calculation and design while committing a kidnapping. Case No. 54733, supra, at 7-9. The analysis of the sufficiency of the evidence did not rely on the admission of the psychiatric examination report.
Applicant has not, therefore, demonstrated prejudice due to his referral for psychiatric examination and the admission into evidence of the reports. Applicant's second assignment of error is not, therefore, well-taken.
Applicant's third assignment of error is:
 APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION, AND ARTICLE I SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION WHEN HIS ATTORNEYS FAILED TO OBJECT TO THE ADMISSION OF APPELLANT'S COMPETENCY AND SANITY EVALUATIONS, AS WELL AS TO THE `RAPE' REFERENCES IN ERROR NO. I ABOVE.
The analysis above of applicant's first and second assignments of error reflects that applicant is unable to demonstrate prejudice resulting from trial counsel's failure to object to the admission into evidence of the psychiatric examinations and the state's characterization of the evidence. Applicant's third assignment of error is not, therefore, well-taken.
Applicant's fourth assignment of error is:
 APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTIONS 10
AND 16 OF THE OHIO CONSTITUTION WHEN HIS ATTORNEYS FAILED TO INVESTIGATE ALL POTENTIAL WITNESSES.
Applicant asserts that trial counsel did not interview the state's witnesses and did not investigate various witnesses whose testimony would have been exculpatory. Yet, applicant does not refer to anywhere in the record setting forth what the testimony of these witnesses would have been.
 None of the grounds asserted by applicant provides a basis for concluding that his appellate counsel was ineffective. It is well-established that appellate counsel is not required to raise issues which do not arise from facts in the record. See, e.g.: State v. Sherrills (Apr. 5, 1990), Cuyahoga App. No. 56777, unreported, reopening disallowed in part and granted in part (June 24, 1996), Motion No. 55362, at 6 (failure to pursue discovery not in the record); State v. Townsend
(May 12, 1988), Cuyahoga App. No. 53715, unreported, reopening disallowed (Apr. 19, 1994), Motion No. 50563, at 4 (failure to conduct a proper pretrial investigation).
State v. Kitchen (June 27, 1996), Cuyahoga App. No. 69430, unreported, reopening disallowed (May 22, 1997), Motion No. 79833, at 6-7. See also State v. McGowan (Oct. 3, 1996), Cuyahoga App. No. 68971, unreported, reopening disallowed (Feb. 19, 1998), Motion No. 79201, at 7-8. Furthermore, applicant has not demonstrated that he was prejudiced by any of the purported failings of trial counsel. Applicant's fourth assignment of error is not, therefore, well-taken.
Applicant's fifth assignment of error is:
 APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTIONS 10
AND 16 OF THE OHIO CONSTITUTION WHEN HIS ATTORNEYS ARGUED THE MOTION TO SUPPRESS EYEWITNESS IDENTIFICATION.
Trial counsel filed a motion to suppress prior to trial. Applicant argues that his trial counsel was ineffective because trial counsel did not argue the motion until after the state rested.
In State v. Simms (Sept. 19, 1996), Cuyahoga App. No. 69314, unreported, reopening disallowed (Aug. 13, 1998), Motion No. 89037, appeal dismissed (1998), 84 Ohio St.3d 1409, 701 N.E.2d 1019, the applicant contended that "he was deprived of the effective assistance of appellate counsel by arguing that appellate counsel should have assigned as error that trial counsel was ineffective for failing to file a motion to suppress applicant's statement." Id.
at 9.
 Certainly, trial counsel was free to pursue this strategy. It is well established that courts will not second-guess counsel. See, e.g., State v. Mitchell (Apr. 3, 1997), Cuyahoga App. No. 70821, unreported, reopening disallowed (Feb. 24, 1998), Motion No. 84988 at 6-7.
Id. at 8-9.
Likewise, in this case, applicant's counsel was free to pursue the strategy of arguing the motion to suppress after the trial court had heard the identification testimony of the witnesses. Indeed, immediately after the state rested, trial counsel reminded the trial court of the pending motion to suppress and stated: "We just concluded the testimony on that this morning. I wonder if the Court wants to deal with that issue at this point?" TR. at 424. Applicant has not provided this court with any authority for second-guessing the decision of trial counsel to argue this motion before the three-judge panel based upon the record developed during the state's case.
Applicant also complains that TRIAL counsel's performance was deficient for failing to argue that the line-up shown to one witness was conducted without the presence of counsel. Yet, applicant does not identify a portion of the record which provides a factual basis for this claim.
 We have repeatedly held that matters arising from evidence outside the record should be addressed in postconviction relief proceedings. See, e.g., State v. Chaney (Aug. 28, 1997), Cuyahoga App. No. 71274, unreported, reopening disallowed (Mar. 5, 1998). Motion No. 89560, at 4 [appeal pending as Supreme Court of Ohio Case No. 98-0690 (appeal dismissed in 82 Ohio St.3d 1440, 695 N.E.2d 264)].
Simms, supra, at 6. See also Id. at 10.
Applicant's fifth assignment of error is not, therefore, well-taken.
Applicant's sixth assignment of error is:
 APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTIONS 10
AND 16 OF THE OHIO CONSTITUTION WHEN THE STATE ATTORNEYS WITHHELD EXCULPATORY AND IMPEACHNG EVIDENCE AND ELICITED FALSE TESTIMONY FROM STATE WITNESSES
Applicant complains that misconduct by the state caused his trial counsel to be effective. Applicant asserts that the state withheld information gathered from witnesses and police officers. Although applicant refers to items in an appendix accompanying his application, he does not identify a portion of the record which provides a factual basis for this claim. As noted above, matters arising from evidence outside the record may not be addressed in an application for reopening. Applicant's sixth assignment of error is not, therefore, well-taken.
Accordingly, the application for reopening is denied.
ANN DYKE, A.J., JAMES D. SWEENEY. J., CONCUR.
 ______________________ JOHN T. PATTON, JUDGE