JOURNAL ENTRY AND OPINION
In State v. Woodard, Cuyahoga County Court of Common Pleas Case No. CR-254478, applicant was convicted of two counts of aggravated murder with specifications, one count of aggravated robbery with specifications and one count of receiving stolen property. The court of common pleas imposed a sentence of death by electrocution on the two counts of aggravated murder with specifications. This court affirmed that judgment in State v. Woodard (Apr. 23, 1992), Cuyahoga App. No. 61171, unreported. The Supreme Court of Ohio affirmed that judgment in State v.Woodard (1993), 68 Ohio St.3d 70, 623 N.E.2d 75, certiorari denied (1994), 512 U.S. 1246, 114 S.Ct. 2770, 129 L.Ed.2d 883.
Applicant has filed with the clerk of this court an application for reopening. Applicant asserts that he was denied the effective assistance of appellate counsel because: 1) he was denied the effective assistance of trial counsel; 2) the prosecutor's misconduct deprived applicant of a fair trial; 3) the trial court committed various errors; and 4) the Ohio death penalty scheme is unconstitutional. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
Initially, we note that App.R. 26 (B) (1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
This court's decision affirming applicant's conviction was journalized on May 4, 1992. The application was filed on November 29, 2000 clearly in excess of the ninety-day limit. The state argues that applicant has not demonstrated good cause for the untimely filing of the application. We agree.
This court appointed applicant's current counsel for the purpose of filing an application for reopening by entry received for filing on August 30, 2000. Counsel argue that the application is timely because it was filed within ninety days of their appointment and, therefore, applicant need not demonstrate good cause for the untimely filing of the application. We hold, however, that the application is untimely and that applicant has failed to demonstrate good cause for the untimely filing of the application.
As a matter of fact, counsel filed the application more than ninety days after their appointment by this court.[1] More importantly, applicant has not demonstrated good cause for the delay prior to August 2000.
In State v. Jells (Apr. 20, 1989), Cuyahoga App. No. 54733, unreported, reopening disallowed (Apr. 26, 2000), Motion No. 4594, affirmed (2000), 90 Ohio St.3d 454, 739 N.E.2d 345, this court observed:
 Applicant's counsel avers that a judge of the United States District Court for the Northern District of Ohio assigned counsel on November 2, 1998 to represent applicant in a federal habeas corpus proceeding. Counsel further avers that, upon review of the record, he identified several assignments of error which appellate counsel had not raised. "Due to the circumstances of his representation, it is only now that Mr. Jells can raise these constitutional errors." Application, at 2.
 This court has held that "lack of counsel or misplaced reliance does not exonerate the defendant from ensuring that the application is filed timely." State v. Sizemore (1998), 126 Ohio App.3d 143, 145-146, 709 N.E.2d 943 [8th Dist., Case No. 69944]. The "circumstances of [applicant's] representation" do not, therefore, provide a sufficient basis for demonstrating good cause.
Additionally, applicant's counsel implies that the date of his appointment as counsel in the federal habeas corpus action — more than ninety days prior to the filing of the application for reopening — provides a basis for determining that the application is timely. The Supreme Court has applied the requirement of a demonstration of good cause to applications for reopening filed in appeals from cases imposing the death penalty. See, e.g., State v. Fox (1998), 83 Ohio St.3d 514,516, 700 N.E.2d 1253; State v. Wogenstahl (1996), 75 Ohio St.3d 273,275, 662 N.E.2d 16. In Fox, the Supreme Court noted that the Ohio Public Defender undertook representation of the applicant more than two years before filing an application for reopening and concluded that, assuming good cause existed at the time the Public Defender commenced representation,
 good cause has long since evaporated. Good cause can excuse the lack of a filing only while it exists, not for an indefinite period. See State v. Hill (1997), 78 Ohio St.3d 174, 677 N.E.2d 337; State v. Carter
(1994), 70 Ohio St.3d 642, 640 N.E.2d 811. We specifically reject Fox's claim that "once an applicant has established good cause for filing more than ninety days after journalization * * *, it does not matter when the application is filed."
Fox, supra, at 516. See also State v. Webb (1999), 85 Ohio St.3d 365,366, 708 N.E.2d 710. The Supreme Court decided State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204, in 1992 and promulgated App.R. 26 (B) effective in 1993. Any good cause which may have existed at one time did not exist at the time of filing the application.
Jells, supra, at 3-5.
Likewise, applicant was represented by the Ohio Public Defender as early as 1995 when the Ohio Public Defender filed a petition for postconviction relief and amended petition on applicant's behalf. See Applicant's Appendix to the Application, Exh. C, Judgment Entry received for filing on December 9, 1996 dismissing applicant's petition for postconviction relief in Case No. CR-254478 and State v. Woodard (Jan. 22, 1998), Cuyahoga App. No. 71912, unreported, affirming the judgment dismissing the petition. Applicant contends that he was represented by "conflicted counsel." Application, at 1.
 At the trial, John Gardner and Gary Andrachik represented Woodard. Woodard, thereafter, appealed and John Gardner and David Doughten [assistant county public defender] represented him. This court affirmed Woodard's conviction and death sentence * * *
 Thereafter David Doughten and Robert Ingersoll [both assistant county public defenders] appealed Woodard's case to the Ohio Supreme Court wherein that court affirmed his conviction and death sentence * * *
Woodard, supra, Case No. 71912, at 2. Applicant's current counsel contends that his appellate counsel were unable to raise the issue of ineffectiveness because new counsel at each phase would have had to challenge the effectiveness of current co-counsel. of course, this argument fails because the Ohio Public Defender commenced representation of applicant no later than 1995.
In response to applicant's assertion that his appellate counsel was ineffective, this court specifically directed applicant to Murnahan in 1998. State v. Woodard (Jan. 22, 1998), Cuyahoga App. No. 71912, unreported, at 7, n. 2 (decision affirming the denial of postconviction relief). Yet applicant did not file an application for reopening until twenty-two months later.
Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. As a consequence, applicant has not met the standard for reopening.
Applicant's request for reopening is also barred by res judicata.
 The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry
(1967), 10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan
(1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204.
State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, unreported, reopening disallowed (Aug. 15, 1994), Motion No. 52164. Several of the issues raised in Woodard's application for reopening were raised previously.
We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey (1998), 84 Ohio St.3d 24, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant:
 In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.
Id. at 25. Applicant cannot satisfy either prong of the Strickland
test. We must, therefore, deny the application on the merits.
Applicant's first assignment of error is:
 MR. WOODARD WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL.
In State v. Woodard (Jan. 22, 1998), Cuyahoga App. No. 71912, unreported (decision affirming the denial of postconviction relief), this court observed:
 * * * Woodard argues that res judicata was inapplicable to his ineffective assistance of counsel claims. He argues he was precluded from fully raising his ineffective assistance of [trial] counsel claims on direct appeal because he was represented on appeal by one of the same attorneys who represented him at trial. We disagree.
 While it is true that one of Woodard's trial attorneys worked on his first appeal to this court, he was also represented by a second attorney who was not involved with his trial. Our review of his direct appeal reveals that he did, in fact, raise the issue of ineffectiveness of counsel and that his claim was rejected. He also unsuccessfully raised the issue of ineffectiveness of counsel in his appeal to the Supreme Court, when he was represented by two attorneys who were not involved with his trial. Because Woodard's claims of ineffective assistance of counsel were raised and fully litigated on direct appeal, those claims are barred by res judicata.
Id. at 6-7.
Applicant has already assigned and argued the ineffective assistance of trial counsel as error. As a consequence, res judicata bars Woodard from maintaining an assignment of error asserting the ineffectiveness of trial counsel. See State v. Woodard (Apr. 23, 1992), Cuyahoga App. No. 61171, unreported, at 21, et seq., and State v. Woodard (1993), 68 Ohio St.3d 70,77-78, 623 N.E.2d 75, 81, certiorari denied (1994), 512 U.S. 1246,114 S. Ct. 2770, 129 L.Ed.2d 883 (direct appeals affirming Woodard's conviction)
In the application, Woodard's new counsel recites various instances of the purported ineffectiveness of trial counsel. Yet, this presentation is supported by negligible argument or authority and emphasizes the necessity that courts respect the judgment of appellate counsel in raising issues on appeal.
 Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second — guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen (1996), 77 Ohio St.3d 172, 672 N.E.2d 638.
State v. Burns (Aug. 8, 1996), Cuyahoga App. No. 69676, unreported, reopening disallowed (Aug. 3, 2000), Motion No. 13052, 8-9. A mere recitation of trial events and circumstances is not effective appellate advocacy. We cannot conclude, therefore, that appellate counsel's selection of limited aspects of trial counsel's conduct as the basis for asserting the ineffectiveness of trial counsel demonstrates either the deficient performance or prejudice required under Strickland.
Applicant's second assignment of error is:
 THE PROSECUTORS' MISCONDUCT TAINTED THE ENTIRE PROCEEDING AND DEPRIVED MR. WOODARD OF A FAIR AND IMPARTIAL TRIAL.
On direct appeal, applicant challenged the propriety of the prosecutor's contention during closing argument that the facts of the crime constituted aggravating circumstances. This court and the Supreme Court of Ohio both rejected applicant's challenge. See State v. Woodard
(Apr. 23, 1992), Cuyahoga App. No. 61171, unreported, at 15, et seq., andState v. Woodard (1993), 68 Ohio St.3d 70, 76, 623 N.E.2d 75, 79-80, certiorari denied (1994), 512 U.S. 1246, 114 S.Ct. 2770,129 L.Ed.2d 883. Res judicata bars applicant's attempt to revive this challenge as a ground for reopening.
Applicant also contends that the prosecutor's misstating the standard of weighing mitigating and aggravating circumstances provides a basis for reopening. In rejecting applicant's contention on direct appeal that the prosecutor's statement during closing argument that the facts of the crime constituted aggravating circumstances, the Supreme Court observed that trial counsel responded during closing argument and stated the position currently advocated by applicant. Id. Likewise, while responding to the state's closing argument, Woodard's trial counsel stated the standard now asserted on Woodard's behalf regarding weighing mitigating and aggravating circumstances. TR. at 1599. We cannot, therefore, conclude that applicant has demonstrated that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).
Applicant also complains that the state improperly destroyed evidence prior to trial. Applicant was convicted of the aggravated murder of Mani Akram while committing aggravated robbery, that is, stealing the car Akram was driving. At trial, testimony indicated that, earlier in the same evening on which Akram was shot, applicant shot at Mark Stevenson during an unsuccessful attempt to steal the car Stevenson was driving. Applicant now contends that the state's destruction before trial of the car Stevenson was driving unfairly prejudiced applicant's ability to present his defense. That is, applicant argues that he could have rebutted the "other act" evidence against him — including the photographs of the Stevenson car. He specifically refers to an affidavit of a ballistics expert which was included in support of his petition for postconviction relief as a basis for asserting the possible relevance of the Stevenson car to applicant's defense.
The affidavit is, of course, evidence outside the record which we may not consider as a basis for reopening.
 We have repeatedly held that matters arising from evidence outside the record should be addressed in postconviction relief proceedings. See, e.g., State v. Chaney (Aug. 28, 1997), Cuyahoga App. No. 71274, unreported, reopening disallowed (Mar. 5, 1998), Motion No. 89560, at 4 [appeal pending as Supreme Court of Ohio Case No. 98-0690 (appeal dismissed in 82 Ohio St.3d 1440, 695 N.E.2d 264)].
State v. Simms (Sept. 19, 1996), Cuyahoga App. No. 69314, unreported, reopening disallowed (Aug. 13, 1998), Motion No. 89037, appeal dismissed (1998), 84 Ohio St.3d 1409, 701 N.E.2d 1019, at 6, 10. Applicant's reliance on the affidavit prepared in support of his petition for postconviction relief demonstrates that the record in this appeal does not provide a basis for concluding that applicant's appellate counsel was deficient or that applicant was prejudiced by the failure to raise this issue on direct appeal.
Applicant's third assignment of error as:
 THE TRIAL COURT COMMITTED NUMEROUS ERRORS OF FACT AND LAW DEPRIVING MR. WOODARD OF HIS DUE PROCESS AND EQUAL PROTECTION RIGHTS.
Applicant acknowledges that he requested a pre-sentence investigation report but later withdrew that request. In the application for reopening, applicant cites to the pages of the transcript reflecting the request and withdrawal. TR. 1524 and 1542, respectively. Applicant has not, however, identified where the record reflects that the trial court later ordered a pre-sentence investigation report.
In State v. Jells (Apr. 20, 1989), Cuyahoga App. No. 54733, unreported, reopening disallowed (Apr. 26, 2000), Motion No. 4594, affirmed (2000), 90 Ohio St.3d 454, 739 N.E.2d 345, the trial court granted the state's request for a psychiatric examination.
 Applicant cites R.C. 2929.03(D)(1) which provides, in part: "A pre-sentence investigation or mental examination shall not be made except upon request of the defendant." [The language of this provision has not changed since applicant's prosecution. Am.Sub.S.B. No. 1, 139 Ohio Laws, Part I, 11.] In State v. Allard (1996), 75 Ohio St.3d 482, 663 N.E.2d 1277, the Supreme Court held that, although it was error for the trial court sua sponte to order and consider a presentence investigation report, this error was not plain error and, therefore, found no reversible error. Id. at 488, et seq.
 Applicant does not, however, cite Allard nor does applicant cite any controlling authority in effect at the time of applicant's direct appeal to this court. In State v. Dukes, 1998 Ohio App. LEXIS 2743 (June 18, 1998), Cuyahoga App. No. 71397, unreported, reopening disallowed, 1998 Ohio App. LEXIS 6075, *8 (Dec. 9, 1998), Motion No. 99119, et seq., this court held that counsel is not responsible for accurately predicting developments in the law. Any authority issued after this court determined applicant's direct appeal would not, therefore, provide a sufficient basis for concluding that appellate counsel was ineffective.
* * *
 Additionally, although counsel for applicant objected to the trial court's referral of applicant for psychiatric examination, counsel did not object to the admission of the report in evidence. As noted above, the admission of this evidence would not constitute plain error unless it resulted in applicant's conviction.
* * *
 Applicant has not, therefore, demonstrated prejudice due to his referral for psychiatric examination and the admission into evidence of the reports.
Id. at 13-15.
Likewise, in this case, applicant has not demonstrated that any controlling authority at the time of his direct appeal would have resulted in a reversal of his conviction or sentence. In light ofAllard, therefore, we cannot conclude that appellate counsel was deficient or that there was a "reasonable probability" that applicant would have been successful if appellate counsel had raised the issue of the pre-sentence investigation report on direct appeal.
Applicant also complains that the trial court improperly instructed the jury during the sentencing phase and construes the following instruction as requiring that a verdict of life imprisonment must be unanimous:
 If all 12 members of the jury find, by proof beyond a reasonable doubt, that the aggravating circumstances which the defendant was found guilty of committing outweigh the mitigating factors, then you must return such a finding, that you have no choice and must recommend to the Court that the sentence of death be imposed upon the defendant.
 On the other hand, if after considering all of the relevant evidence raised at the trial, the testimony, other evidence, the statement of the defendant, the arguments of counsel, you find that the State of Ohio failed to prove beyond a reasonable doubt that the aggravating circumstances which the defendant was found guilty of committing outweigh the mitigating factors, then you will return your verdict reflecting your decision. That is, you must find that the State has failed to prove beyond a reasonable doubt that the aggravating circumstances of which the defendant was found guilty of committing outweigh the mitigating factors. In this event, you will then proceed to determine which of the two possible life imprisonment sentences to recommend to the Court.
TR. at 1629-1630.
The trial court's instruction clearly required unanimity with respect to determining whether the aggravating circumstances outweigh the mitigating factors. There is, however, no mention of "all 12 members" or unanimity with respect to the state's failure to prove that the aggravating circumstances outweigh the mitigating factors.
By contrast, the trial court in State v. Brooks (1996),75 Ohio St.3d 148, 661 N.E.2d 1030, instructed the jury: "`You are now required to determine unanimously that the death penalty is inappropriate before you can consider a life sentence.' The jury charge, therefore, indicated that the jury could consider life imprisonment only if there was unanimity in determining that Brooks should not be sentenced to death." Id. As a consequence, the Brooks court held: "In Ohio, a solitary juror may prevent a death penalty recommendation by finding that the aggravating circumstances in the case do not outweigh the mitigating factors. Jurors from this point forward should be so instructed."75 Ohio St.3d at 162, 661 N.E.2d at 1042 (emphasis added). Furthermore, an alternative instruction was proposed and rejected in Brooks. Id. at 160. Applicant does not identify an alternative instruction as part of the record in this case.
Applicant has not identified any controlling authority at the time of his direct appeal which determined that the instruction at issue was error. We cannot, therefore, conclude that appellate counsel was ineffective for failing to assign error with respect to this instruction.
Applicant also contends that the trial court erred by overruling an objection to the prosecutor's misstating the standard of weighing mitigating and aggravating circumstances. Yet, as noted in our discussion of the second assignment of error above, Woodard's trial counsel stated the standard now asserted on Woodard's behalf regarding weighing mitigating and aggravating circumstances while responding to the state's closing argument. TR. at 1599. We cannot, therefore, conclude that applicant has demonstrated that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).
Applicant also argues that the trial court improperly answered the following question from the jury during deliberations: "Are the specifications about being the principal offender, or if not the principal offender, then with prior calculation and design mutually exclusive?" TR. 1515. The trial court's response was: "Well, you can find either in the alternative. You can find either that the defendant was the principal offender, or if you feel he wasn't the principal offender, then you can — if you find that the defendant acted with prior calculation and design. Either one of those. You can find both of them or either one." TR. 1515-1516. Applicant now complains that "[t]he Trial Court improperly advised the jurors that they did not have to be unanimous in their finding as to that capital specification * * *." Application, at 8.
The decision rendered in a direct appeal to the Supreme Court of Ohio reported the following:
 In his third proposition of law, appellant argues that the trial court erred in failing to instruct the jury during the guilt phase that, with respect to the R.C. 2929.04(A)(7) death penalty specification, the jury was required to unanimously find either that appellant was the principal offender or that he acted with prior calculation and design.
State v. Woodard (1993), 68 Ohio St.3d 70, 74, 623 N.E.2d 75, certiorari denied (1994), 512 U.S. 1246, 114 S.Ct. 2770, 129 L. Ed. 2d 883. The Supreme Court considered the jury's question and the trial court's response and observed that the jury unanimously found that applicant acted with prior calculation and design and, in light of the evidence at trial, "must have also unanimously concluded that appellant was the principal offender." Id. at 75. Obviously, the issue of unanimity of the verdict was considered by the Supreme Court. As a consequence, res judicata bars applicant's attempt to revive this challenge as a ground for reopening.
Applicant also complains that the trial court improperly commented upon the mitigation evidence. Trial counsel for applicant requested that the trial court instruct the jury that "youth" as a mitigating factor applies only to individuals who are at least 18 years of age because the law did not authorize imposing capital punishment on anyone under 18. TR. 1633,et seq.
The trial court gave the following instruction:
 When I was talking about mitigating factors, I read to you the statutory factors that were appropriate in this case. Do you remember? And I read — one was the youth of the offender. Do you remember I said that to you?
 All right. Now, if I may embellish that a little bit, for what it's worth, when the mitigating factors speak of the youth of the offender, the law contemplates someone over the age of 18, since no one under the age of 18, in Ohio, can suffer capital punishment.
TR. 1641 (emphasis added).
Applicant contends that the trial court's employing the expression "for what it's worth" was error because it "minimized the Defendant's youth (19) as a factor in mitigation." Application at 8. At a minimum, the context of the trial judge's remark does not require the conclusion that he was speaking about the importance of youth as mitigating factor. Additionally, applicant has not identified any controlling authority holding that the instruction at issue was error. We cannot, therefore, conclude that appellate counsel was ineffective for failing to assign error with respect to this instruction.
Applicant's fourth assignment of error is:
OHIO'S DEATH PENALTY SCHEME IS UNCONSTITUTIONAL.
On direct appeal, the Supreme Court of Ohio rejected the proposition of law in which applicant argued "that Ohio's death penalty scheme is unconstitutional." 68 Ohio St.3d at 79, 623 N.E.2d at 82. As a consequence, res judicata bars applicant's attempt to revive this challenge as a ground for reopening.
Additionally, applicant does not identify any controlling authority holding that Ohio's proportionality and appropriateness review is unconstitutional. See State v. Davis (1992), 63 Ohio St.3d 44, 50,584 N.E.2d 1192, certiorari denied in Davis v. Ohio (1989), 488 U.S. 1034,109 S.Ct. 849, 102 L.Ed.2d 980, which upheld Ohio's death penalty scheme.
Similarly, although applicant contends that Ohio's postconviction process fails to provide an adequate and effective corrective process for reviewing constitutional challenges, applicant does not provide this court with authority requiring that conclusion.
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. State v. Perry (1967), 10 Ohio St.2d 175, 180-181, 226 N.E.2d 104, paragraph nine of the syllabus; see, also, State v. Cole (1982), 2 Ohio St.3d 112, 113, 443 N.E.2d 169. The doctrine of res judicata is also applicable to constitutional issues raised in a petition for postconviction relief. State v. Perry, supra, at paragraph seven of the syllabus.
State v. Taylor (Nov. 18, 1999), Cuyahoga App. No. 75352, unreported, at 9, discretionary appeal not allowed (2000), 88 Ohio St.3d 1444,725 N.E.2d 285, reconsideration denied (2000), 88 Ohio St.3d 1504,727 N.E.2d 925. Although applicant alludes to Perry, applicant has not demonstrated that Perry is not controlling.
Likewise, applicant has not contradicted established authority holding that electrocution is not unconstitutional. See State v. Carter (2000),89 Ohio St.3d 593, 608, 734 N.E.2d 345. Nor has he explained the relevance of his assertion that the death penalty violates international law. "Failing to argue that the death penalty violates international law is not ineffective assistance, given the dearth of legal authority supporting that argument." State v. Keene (1998), 81 Ohio St.3d 646,668, 693 N.E.2d 246, 264.
Applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.
MICHAEL J. CORRIGAN, J., and ANNE L. KILBANE, J., CONCUR.
[1] Days Month 1 August 30 September 31 October 29 November 91 TOTAL
Tuesday, November 28, 2000, was the ninetieth day. This application was filed on the ninety-first day. November 28, 2000 was not a Saturday, Sunday or legal holiday. See App.R. 14 (A).