JOURNAL ENTRY AND OPINION
{¶ 1} On May 24, 2002, Willis R. McNeal filed an application for reopening pursuant to App.R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v. McNeal
(April 5, 2001), Cuyahoga App. No. 77977. In that opinion, we affirmed the defendant's guilty plea to murder with a firearm specification. On June 11, 2002, the State of Ohio, through the Cuyahoga County Prosecutor's Office, filed a memorandum of law in opposition to the application for reopening. For the following reasons, we decline to reopen McNeal's original appeal.
 {¶ 2} As mandated by App.R. 26(B)(2)(b), an application for reopening must be filed within 90 days of journalization of the appellate judgment which the applicant seeks to reopen. The applicant must establish "good cause" if the application for reopening is filed more than 90 days after journalization of the appellate judgment. State v.Cooey (1995), 73 Ohio St.3d 411, 653 N.E.2d 252; State v. Reddick
(1995), 72 Ohio St.3d 88, 647 N.E.2d 784.
 {¶ 3} Here, McNeal is attempting to reopen the appellate judgment that was journalized on April 16, 2001. He did not file his application for reopening until May 24, 2002. Accordingly, the application is untimely on its face.
 {¶ 4} In an attempt to establish good cause, McNeal asserts that good cause consists of his appellate counsel mailing the journal entry and opinion to the wrong prison thereby preventing him from learning about the decision until mid May 2001, and his third grade reading level and "learning disability that makes him incapable of understanding above a fourth grade comprehension level." McNeal further states that his letter to the public defender was not responded to until July 4, 2001. Based upon the foregoing, McNeal contends that "it would be a manifest injustice for this court to deny good cause has been shown in light of the obvious fact that appellant was incompetent to stand trial as well as enter any plea other than not guilty by reason of insanity."
 {¶ 5} However, good cause can excuse the lack of a filing only while it exists and not for an indefinite period of time. See State v.Hill (1997), 78 Ohio St.3d 174, 677 N.E.2d 337; State v. Carter (1994),70 Ohio St.3d 642, 640 N.E.2d 811. While the incorrect mailing may temporarily constitute good cause, McNeal fails to explain why he did not file the application within the remaining time after he received notice. McNeal also fails to explain why he waited for almost one year after receiving the letter from the public defender before filing his application to reopen. Additionally, this court has previously found that a minimal education level does not establish good cause. See State v.Turner (Nov. 16, 1989), Cuyahoga App. No. 55960, reopening disallowed (Aug. 20, 2001), Motion No. 23221; State v. Robertson (Dec. 7, 1989), Cuyahoga App. No. 56330, reopening disallowed (Nov. 13, 1988), Motion No. 94405. McNeal's failure to establish good cause is a sufficient basis for denying the application for reopening.
 {¶ 6} The doctrine of res judicata also prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v.Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204. In this matter, we do not find the application of res judicata to be unjust.
 {¶ 7} McNeal possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. McNeal, however, did not file an appeal with the Supreme Court of Ohio and has further failed to provide this court with any valid reason why no appeal was taken to the Supreme Court of Ohio. State v. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994),70 Ohio St.3d 1408, 637 N.E.2d 6.
 {¶ 8} Notwithstanding the above, in order for the Court to grant the application for reopening, McNeal must establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).
 {¶ 9} "In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two-prong analysis found inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a `genuine issue' as to whether there was a `colorable claim' of ineffective assistance of counsel on appeal."
 {¶ 10} State v. Spivey (1998), 84 Ohio St.3d 24, 701 N.E.2d 696, at 25. To establish such claim, applicant must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 688, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. McNeal fails to establish any such deficiency.
 {¶ 11} Nevertheless, a substantive review of the application to reopen fails to demonstrate that there exists any genuine issue as to whether applicant was deprived of the effective assistance of appellate counsel. In his application to reopen, McNeal raises two assignments of error. The first assignment of error states that, "appellant was deprived and denied of the effective assistance to counsel on direct appeal, where appellate counsel failed to raise that defense counsel was ineffective for failing to enter a plea of not guilty by reason of insanity, as guaranteed by the Fifth, Sixth and Fourteenth Amendment to the United States Constitution and Article I, Section 10 and 16 of the Ohio Constitution." In support of this argument, McNeal states that counsel knew of his inability to communicate because of his comprehension level, that he had a psychiatric evaluation resulting in his being prescribed psychotropic drugs, and that he abused illegal drugs.
 {¶ 12} However, there is no record of the court ordering a psychiatric evaluation of McNeal. Therefore, because McNeal's argument relies upon matters outside the record of trial, it would have been inappropriate for counsel to have assigned error with respect to this issue. State v. Goney (1995), 72 Ohio St.3d 314, 649 N.E.2d 1225; Statev. Hull (1994), 71 Ohio St.3d 292, 643 N.E.2d 546; State v. Ishmail
(1978), 54 Ohio St.2d 402, 377 N.E.2d 500; State v. Saltzer (1984),14 Ohio App.3d 394, 471 N.E.2d 872; State v. Kazas (Aug. 14, 2000), Cuyahoga App. Nos. 72546, 72547; State v. Russell (May 9, 1996), Cuyahoga App. No. 69311; State v. Collins (June 22, 1995), Cuyahoga App. No. 67165, reopening disallowed (Feb. 10, 1997), Motion No. 77984. Rather, such issue should have been raised in postconviction relief proceedings.State v. Chaney (Aug. 28, 1997), Cuyahoga App. No. 71274, reopening disallowed (Mar. 5, 1998), Motion No. 89560.
 {¶ 13} For his second assignment of error, McNeal states that, "appellant was deprived and denied effective assistance to counsel on direct appeal, as guaranteed by the Sixth and Fourteenth amendment to the United States Constitution and Article I, Section 10 and 16 of the Ohio Constitution, where appellate counsel's professional judgment is proved to have fallen below an objective standard of competence and prejudice appellant by presenting weak and unsuccessful claims on appeal (sic)."
 {¶ 14} In this assignment of error, applicant asserts that appellate counsel was ineffective by limiting applicant's right to equal access of the appellate process by raising an assignment of error that was not supported by the record. However, McNeal is incorrect when he states that this court did not consider the proposed assignment of error because it was based on matters outside the record. Rather, this court held that it did not have jurisdiction to decide the assignment of error because counsel failed to designate the judgment in the notice of appeal. Nevertheless, McNeal fails to establish prejudice. Strickland.
 {¶ 15} Accordingly, the application to reopen is denied.
COLLEEN CONWAY COONEY, J., and TERRENCE O'DONNELL, J., CONCUR.