The STATE of Ohio, Appellee,

v.

SIZEMORE, Appellant.

[Cite as *State v. Sizemore* (1998), 126 Ohio App.3d 143.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69944.

Decided April 28, 1998.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Arthur A. Elkins,* Assistant Prosecuting Attorney, for appellee.

*Frank P. Sizemore, pro se.*

TERRENCE O'DONNELL, Judge.

On January 30, 1998, the applicant, Frank P. Sizemore, applied, pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, to reopen this court's judgment in *State v. Sizemore* (Nov. 27, 1996), Cuyahoga App. No. 69944, unreported, 1996 WL 684334, which affirmed his conviction and sentence for three counts of felonious assault, having a weapon under disability, and two firearm specifications. On February 25, 1998, the state, through the Cuyahoga County Prosecutor, filed its brief in opposition to the application. On March 16, 1998, Sizemore filed his reply brief. For the following reasons, this court denies the application to reopen.

In August 1994, the grand jury indicted him on three counts of felonious assault, each with a firearm and aggravated felony specification, and one count of having a weapon while under disability, also with firearm and violence specifications. The evidence at trial showed that after Sizemore argued with Jerry Spatny at a bar, he conspired with a friend, Patrick Russell, to ambush Spatny later that night. As Spatny and his friends left the bar, Sizemore shot him and then pistol-whipped him; Russell, who had donned a ski mask and was hiding with a sword in some nearby bushes, emerged and attacked Spatny's friends. At trial, Sizemore stipulated to the aggravated felony and violence specifications.

In January 1995, the jury found him guilty on all counts. When he failed to appear at trial for the jury's verdict, the court issued a capias for his arrest. In October 1995, following his arrest on the capias, the trial court sentenced him to twelve to fifteen years on Count One, consecutive to three years' actual incarceration for the gun specification; and to twelve to fifteen years on Counts Two and Three, concurrent with each other but consecutive to Count One; and to two to five years on Count Four, to be served concurrently with the other counts.

Sizemore then appealed to this court, which affirmed his convictions and sentences on December 9, 1996. On April 14, 1997, Sizemore filed a *pro se* notice of appeal with the Supreme Court of Ohio, but on June 13, 1997, the Supreme Court dismissed that appeal. He then filed the current application to reopen his case with our court on January 30, 1998.

App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision unless the applicant shows good cause for filing at a later time. The January 30, 1998 filing is approximately fourteen months after this court's decision and approximately six months after the decision by the Ohio Supreme Court. Thus, the application is untimely.

■ Sizemore endeavors to show good cause for untimely filing by claiming that his pleas for assistance from the public defender's office went unanswered and that a fellow inmate "conned" him into believing that he could prepare Sizemore's pleading for him. These arguments are not persuasive.

This court has repeatedly rejected arguments that counsel or a fellow inmate abandoned or betrayed the applicant. In *State v. Durr* (May 22, 1996), unreported, disallowing second application for reopening of (Dec. 7, 1989), Cuyahoga App. No. 57140, unreported, 1989 WL 147626, affirmed (1991), 58 Ohio St.3d 86, 568 N.E.2d 674, (1991) first reopening disallowed (July 6, 1994), motion No. 40924, affirmed (1994), 71 Ohio St.3d 395, 643 N.E.2d 1147, this court ruled that on a second application to reopen, the excuse that an attorney did not have sufficient time to do it right the first time did not constitute a showing of good cause. In *State v. Johnson* (Apr. 17, 1997), motion No. 79642, unreported, 1997 WL 209164, disallowing reopening of (Feb. 6 1992), Cuyahoga App. No. 59820, unreported, 1992 WL 19462, this court rejected the argument that the appellant could not find counsel. See, also, *State v. Bridgeman* (Feb. 28, 1997), motion No. 77614, unreported, 1997 WL 97228, disallowing reopening of (Feb. 7, 1980), Cuyahoga App. No. 39346; and *State v. Miller* (Mar. 18, 1997), motion No. 79261, unreported, 1997 WL 127188, disallowing reopening of (Mar. 23, 1992), Cuyahoga App. No. 59987, unreported, 1992 WL 47114. This court has also held that reliance, even misplaced reliance, on appellate counsel does not constitute good cause for late filing. *State v. Moss* (Jan. 16, 1997), motion No. 75838, unreported, disallowing reopening of (May 13, 1993), Cuyahoga App. Nos. 62318 and 62322, unreported, 1993 WL 158264; *State v. Snead* (May 9, 1997), motion No. 82104, unreported, 1997 WL 257516, disallowing reopening of (May 23, 1994), Cuyahoga App. No. 65384, unreported, 1994 WL 189389; *State v. Rios* (Sept. 18, 1995), motion No. 66129, unreported, disallowing reopening of (1991), 75 Ohio App.3d 288, 599 N.E.2d 374. Finally, *State v. Allen* (July 8, 1996), motion No. 67054, unreported, disallowing reopening of (Nov. 3, 1994), Cuyahoga App. No. 65806, unreported, 1994 WL 614975, is most persuasive. In that case the public defender agreed to continue to represent Allen after appeal, but the backlog at that office prevented any filing. When Allen discovered this he filed a *pro se* application and cited his reliance on counsel as the reason for the delay; counsel specifically exonerated Allen from blame in the delay. However, this court ruled that lack of counsel or

misplaced reliance does not exonerate the defendant from ensuring that the application is filed timely.

Just as this court has ruled that misplaced reliance on an attorney does not state sufficient good cause to justify untimely filing, so, too, misplaced reliance on a fellow inmate who is not even an attorney must also fail to state good cause. Thus, Sizemore's application to reopen is denied as untimely.

Additionally, the doctrine of *res judicata* properly bars consideration of this application to reopen. The principles of *res judicata* may be applied to bar further litigation in a criminal case of issues which were raised or could have been raised previously in an appeal. See, generally, *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus. *Res judicata* may bar claims of ineffective assistance of appellate counsel unless circumstances render the doctrine's application unjust. *Murnahan*, 63 Ohio St.3d at 66, 584 N.E.2d at 1209–1210. In the present case, Sizemore appealed to the Ohio Supreme Court, which dismissed his case. He had the opportunity to present his claim of ineffective assistance of appellate counsel at that time. That failed opportunity now bars consideration of this claim. In many other cases, this court has denied applications to reopen on the grounds of *res judicata* because the applicant had appealed to the Supreme Court after direct appeal, regardless of whether the issue of ineffective assistance of appellate counsel was presented, or because the applicant had the opportunity to appeal the issue to the Supreme Court. *State v. Fautenberry* (1997), 78 Ohio St.3d 320, 677 N.E.2d 1194; *State v. Hill* (1997), 78 Ohio St.3d 174, 677 N.E.2d 337; *State v. Scott* (Jan. 28, 1998), motion No. 83321, unreported, 1998 WL 45349, disallowing reopening of (Sept. 7, 1995), Cuyahoga App. No. 67148, unreported, 1995 WL 527597; *State v. Hairston* (Mar. 10, 1998), motion Nos. 90772 and 90773, unreported, 1998 WL 122381, disallowing reopening of (Sept. 11, 1997), Cuyahoga App. No. 70788, unreported, 1997 WL 566069; *State v. Borrero* (Jan. 22, 1997), motion No. 73559, unreported, disallowing reopening of (Apr. 18, 1996), Cuyahoga App. No. 69289, unreported, 1996 WL 191759; and *State v. Perry* (Dec. 18, 1997), motion No. 86899, unreported, 1997 WL 781795, disallowing reopening of (May 12, 1994), Cuyahoga App. No. 65455, unreported, 1994 WL 189160.

Accordingly, Sizemore's application to reopen in this case is denied.

*Application denied.*

BLACKMON and ROCCO, JJ., concur.