Mason Williams, applicant, filed an application for reopening on June 28, 1999. He is attempting to reopen two appeals, one journalized on April 4, 1994 (Cuyahoga App. No. 64925), and the other journalized on April 15, 1996 (Cuyahoga App. No. 68690). Both appeals stem from a single consolidated trial of Cuyahoga County Common Pleas Court Case Nos. CR-279654 and CR-288957 which resulted in applicant's convictions of murder with a firearm specification, attempted aggravated murder with a firearm specification and carrying a concealed weapon. The state has filed a brief opposing reopening of these appeals and, for the reasons argued by the prosecutor and those that follow, we deny the application for reopening.
According to App.R. 26(B)(1) and 2(b), a showing of good cause must be made when an application for reopening is filed more than ninety days after journalization of the appellate judgment. The judgments herein were journalized on April 4, 1994 and April 15, 1996. Applicant filed for reopening on June 28, 1999, clearly beyond the allotted time period. As a consequence, applicant must show good cause for his failure to file timely or the application for reopening may be denied. State v. Winstead (1996), 74 Ohio St.3d 277,658 N.E.2d 722; State v. Wickline (1996), 74 Ohio St.3d 369,658 N.E.2d 1052.
Applicant contends his inability to secure counsel, lack of understanding of the Murnahan issue and inadequate access to his record prevented him from filing earlier. None of these reasons, however, have been accepted as constituting good cause for late filings. State v. Reddick (1995), 72 Ohio St.3d 88,647 N.E.2d 784; State v. Collins (July 3, 1995), Cuyahoga App. No. 67165, unreported, reopening disallowed (Feb. 10, 1997), Motion No. 77984; State v. Miller (Mar. 23, 1992), Cuyahoga App. No. 59987, unreported, reopening disallowed (Mar. 18, 1997), Motion No. 79261; State v. Bridgeman (Feb. 19, 1980), Cuyahoga App. No. 39346, unreported, reopening disallowed (Feb. 28, 1997), Motion No. 77614. Nor do these reasons constitute good cause now in this case.
Applicant also contends he could not have filed earlier since he only recently received the "affidavit" of investigator Mark Angelotta dated March 31, 1999, to support his application. The document attached to the application for reopening presumably from Mr. Angelotta is not an original, is not notarized and contains hearsay information. As such, it does not qualify as an affidavit and will not be considered by this court. See, generally, Civ.R. 56(E); R.C. 2935.19, 2319.02. Even if Mr. Angelotta's statement qualified as an affidavit, applicant has not explained the nearly six-year delay in obtaining the statement other than to say his family lives in Michigan and it was difficult to travel back and forth. Having failed to show good cause as to why the application was not timely filed, the application for reopening is denied.
In addition, the principles of res judicata may be applied to bar further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See, generally, State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60, 66584 N.E.2d 1204. In this case, applicant had a previous opportunity to challenge the effectiveness of his appellate attorneys. The federal constitutional issue of ineffective assistance of appellate counsel either was raised or could have been raised in appeals to the Supreme Court of Ohio. Applicant supplies no explanation as to why the application of res judicata
in this matter now would be unjust. Consequently, since the issue of whether applicant's attorneys were ineffective in his appeals to this court either was raised or could have been raised previously, res judicata now bars any further litigation of these claims. We find the application of res judicata in this case just. See State v. Sizemore (1998), 126 Ohio App.3d 143,709 N.E.2d 943; State v. Aziz (Mar. 21, 1994), Cuyahoga App. No. 64581, unreported, reopening disallowed (Jan. 22, 1998), Motion No. 88524.
Notwithstanding applicant's failure to demonstrate good cause for his untimely filing and the bar of res judicata, a review of the application for reopening fails to demonstrate the existence of a genuine issue as to whether applicant was deprived of the effective assistance of appellate counsel on either appeal. In both cases, it appears that applicant is complaining about the efforts or lack thereof of his trial attorney, specifically the failure of his counsel to call a Mr. Henry Williams as a defense witness to corroborate the position of the defense that there was more than one shooter at the scene of the crime. It is unclear from the application, but if applicant is challenging the conduct of trial counsel as opposed to the effectiveness of appellate counsel, such claims are not cognizable in an application for reopening pursuant to App.R. 26(B). State v. Fuller (Nov. 8, 1993), Cuyahoga App. Nos. 63987, 63988, unreported, reopening disallowed (Oct. 14, 1994), Motion No. 56538. App.R. 26(B)(1) provides that "[a] defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." Direct complaints about trial counsel cannot be the basis for the reopening of an appeal pursuant to App.R. 26(B).Id.
If, on the other hand, applicant is claiming his appellate attorneys were ineffective for failing to raise the issue of ineffective assistance of trial counsel in his appeals, the claim would have had no merit in either appeal. In Case No. 64925, applicant was represented at trial and on appeal by the same attorney. Consequently, appellate counsel would not have been expected to raise an issue on appeal concerning his own effectiveness at trial. State v. Viceroy (May 20, 1996), Cuyahoga App. No. 68890, unreported, reopening disallowed (Mar. 25, 1999), Motion No. 01910. The postconviction remedies provide the appropriate avenue for such a challenge to the conduct of counsel. Id.; State v. Lambrecht (1989), 58 Ohio App.3d 86,568 N.E.2d 745; see R.C. 2953.21, et seq.
In Case No. 68690, applicant had different representation at trial and on appeal. Applicant's claim of appellate counsel's failure to challenge trial counsel's effectiveness for failing to call a witness, however, is a claim which this court will not review in hindsight since the determination of whom to call to testify is a matter of trial strategy. State v. Bridgeman (Feb. 19, 1980), Cuyahoga App. No. 39346, unreported, reopening disallowed (Feb. 28, 1997), Motion No. 77614. Even if reviewable, as indicated by the prosecutor in her opposition brief, the interview of Mr. Williams, relied upon by applicant, identifies applicant as shooting the victim at close range, making it obvious why trial counsel did not call Mr. Williams to testify on behalf of the defense.
Accordingly, the application for reopening is denied.
ANN DYKE, P.J., and BLACKMON, J., CONCUR
 _________________________________ MICHAEL J. CORRIGAN JUDGE