It is a fundamental rule of appellate procedure that we may not reverse any matter unless the appellant can demonstrate prejudice on the record. Applicant Mario Linen has sufficiently shown the court erred by failing to advise him that he might be subject to post release control under R.C. 2929.13 (B)(3), but he does not show the kind of prejudice necessary for us to find that application of principles of res judicata would be unjust under the circumstances.
Principles of res judicata apply to bar claims of ineffective assistance of appellate counsel unless the circumstances would render the application of res judicata unjust. See State v.Murnahan (1992), 63 Ohio St.3d 60, 66. We have applied resjudicata in cases where an applicant, represented on appeal to the Ohio Supreme Court by counsel different than that before the court of appeals, fails to raise an issue of ineffective assistance of appellate counsel. See State v. Sizemore (1998),126 Ohio App.3d 143, 146; State v. Eskridge (May 13, 1999), Cuyahoga App. No. 73673, unreported, reopening disallowed (Nov. 24, 1999), Motion No. 09162; State v. Johnson (Dec. 3, 1998), Cuyahoga App. No. 72541, unreported, reopening disallowed (May 27, 1999), Motion No. 04430.
There is no question that different counsel represented applicant on appeal to the Ohio Supreme Court and that new counsel raised as an issue in that appeal to the Ohio Supreme Court. The Supreme Court denied applicant leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Under past precedent from this court,res judicata applies. Eskridge, supra.
An exception to res judicata exists when its application would be unjust. Just how the term "unjust" has been interpreted is not clear. In State v. Williams (1996), 74 Ohio St.3d 454, 455, the Supreme Court stated, "thus, in capital cases in which the death penalty has been imposed for offenses committed before January 1, 1995, such [ineffective assistance of appellate counsel] issues must be raised in the first appeal as of right in this court, unless, because of unusual circumstances, applying the doctrine of res judicata would be unjust."
The application of res judicata would not be unjust under the circumstances. In State v. Grinberg (Oct. 21, 1999), Cuyahoga App. No. 74926, unreported, we were presented with very similar circumstances when a court failed to inform a convict that he would be subject to post release controls. Although the state conceded the court's error, we found no plain error existed because:
 "Grinberg, however, has not demonstrated any prejudice as a result of this failure. He neither evidences any citation, violation, or extension of his sentence or that he has been subjected to post-release control or sanctions arising from this circumstance. * * * Upon review, we have determined that although the trial court should have, but did not notify Grinberg about bad time and post-release control, no harm has resulted to Grinberg, and for us to have the trial court now advise Grinberg of these circumstances would constitute a vain act as he has demonstrated full knowledge of them in his brief, and counsel admitted during oral argument that this is now a moot issue since Grinberg has been released from prison, has not had any bad time added to his setnece and he is not subject to any period of post-release control."
Although we described the facts in Grinberg as "unique," the basic proposition of law set forth in that case is not unique. Defendant shows no prejudice from the court's failure to advise him of the possibility of post release controls, and I fail to see any prejudice on the record. Defendant knowingly pleaded guilty to a violent sexual predator specification. The effect of the violent sexual predator specification, explained during sidebar with the court and counsel, was to require defendant to submit to certain notice and registration requirements should he be released from incarceration. These were "post release controls" of a similar kind as those required under R.C. 2929.13
(B) and continue for the duration of defendant's life. See R.C.2950.07 (B)(1). Because the notice and registration requirements imposed by the violent sexual predator specification are so similar, I would find the court's failure to inform defendant of post release controls was not prejudicial.
Of course, any finding of prejudice would have to presume defendant's release from incarceration, and that presumption is not necessarily a valid one. The court sentenced defendant to five years to life on all counts, so there is some question whether defendant will ever be released.
Because defendant knew he would be subject to some form of post release control and given the potentially uncertain application of post release controls based on his life sentence, I do not find it "unjust" to apply res judicata. I respectfully dissent.