JOURNAL ENTRY AND OPINION
On March 27, 2000, Michael Sherman, applicant, through counsel, filed an Application for Reopening pursuant to App.R. 26 (B). Applicant is attempting to reopen the judgment in State v.Dvorkin[1] (Mar. 27, 2000), Cuyahoga App. Nos. 75339, 75340, 75341, unreported, which affirmed his convictions of receiving stolen property, forgery, uttering, obstruction of justice and tampering with evidence. The state has filed a Memorandum of Law opposing the reopening of applicant's direct appeal, and, for the reasons that follow, we deny the Application for Reopening.
The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See, generally, State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992),63 Ohio St.3d 60, 66, 584 N.E.2d 1204; State v. Sizemore (1998),126 Ohio App.3d 143, 709 N.E.2d 943.
In the present case applicant had previous opportunities to challenge the effectiveness of his appellate counsel. Although applicant was represented at trial and on appeal by the same attorneys, new counsel, the same attorney who is representing applicant in this matter, filed an Application for Reconsideration pursuant to App.R. 26 (A) and, at that time, new counsel proposed new issues for review on behalf of applicant. New counsel also filed an appeal in the Supreme Court of Ohio, wherein the issue of ineffective assistance of appellate counsel either was raised or could have been raised. State v. Bluford
(Dec. 20, 1999), Cuyahoga App. No. 75228, unreported, reopening disallowed (May 31, 2000), Motion No. 15241; State v. Walker
(Nov. 15, 1999), Cuyahoga App. No. 74773, unreported, reopening disallowed (June 20, 2000), Motion No. 14647; State v. Eskridge
(May 24, 1999), Cuyahoga App. No. 73673, unreported, reopening disallowed (Nov. 24, 1999), Motion No. 9162; State v. Sizemore
(1998), 126 Ohio App.3d 143, 709 N.E.2d 943.
The Supreme Court of Ohio has held that:
 Claims of ineffective assistance of appellate counsel may be raised in an application for reconsideration in the court of appeals or in a direct appeal to the Supreme Court pursuant to Section 2 (B) (2) (a) (iii), Article IV of the Ohio Constitution. (In re Petition of Brown [1990], 49 Ohio St.3d 222, 223, 551 N.E.2d 954, 955; Manning v. Alexander [1990], 50 Ohio St.3d 127, 553 N.E.2d 264, followed.)
State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, paragraph two of the syllabus. The issue of whether appellate counsel provided effective assistance must be raised at the earliest opportunity to do so. State v. Williams (1996), 74 Ohio St.3d 454,659 N.E.2d 1253. Because applicant was represented by new counsel in an application for reconsideration of the appellate judgment and because new counsel presented new issues on applicant's behalf in the application for reconsideration, the earliest opportunity for applicant to have raised the issue proposed herein was in the application for reconsideration and then in an appeal to the Supreme Court of Ohio if the application for reconsideration were denied. New counsel provides no explanation why the issue of ineffective assistance of appellate counsel could not have been presented earlier and new counsel provides no reason why the principles of res judicata should not now apply. Accordingly, we find that it is just to utilize the doctrine of res judicata to bar any further litigation of this claim.
The Application for Reopening is denied.
ANN DYKE, A.J., JAMES D. SWEENEY, J., CONCUR.
 _________________________ TERRENCE O'DONNELL, JUDGE
[1] On December 1, 1998, the court consolidated the appeal of applicant (Case No. 75340) with the appeal of Michael Dvorkin (Case No. 75339) and the appeal of United Pawn, Inc. (Case No. 75341).