OPINION
This matter is before the court on a reopened appeal that we granted on November 21, 1997. The following facts gave rise to the direct appeal of this matter. On the evening of November 3, 1994, appellant stabbed Jason Hannahs, Johnny Hannahs and Randy Butcher, outside the Raven Bar. The Guernsey County Grand Jury indicted appellant on three counts of felonious assault. The first trial of this matter was declared a mistrial because the jury could not reach a verdict. The second trial was also declared a mistrial because an insufficient number of persons appeared for jury duty. Appellant's third trial commenced on November 3, 1994. Following deliberations, the jury found appellant guilty of all charges. Appellant filed a motion for new trial which the trial court overruled. At a sentencing hearing scheduled for February 28, 1996, appellant refused to cooperate. The trial court found appellant in contempt and ordered him back to jail. Following this incident, trial counsel asked the trial court to find appellant incompetent to stand sentencing. Appellant also filed a pro se motion to have trial counsel removed from his case. The trial court denied the request for a competency hearing and granted appellant's pro se motion to have his trial counsel removed. The trial court conducted another sentencing hearing on March 19, 1996. At this hearing, the trial court sentenced appellant to three to fifteen years on each count, concurrent, with a $100 fine. Appellant timely filed a notice of appeal. On June 19, 1997, this court issued its decision in which we affirmed in part, reversed in part, and remanded this matter to the trial court for the trial court to determine whether appellant made a knowing waiver of his right to counsel at his sentencing hearing. Thereafter, on September 23, 1997, appellant filed an application to reopen his appeal pursuant to App.R. 26(B). Appellant also filed notices of appeal on August 28, 1997; May 26, 1998; and June 5, 1998. On August 12, 1999, we consolidated appellant's appeals with his reopened appeal. Appellant sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED BY ALLOWING THE HEARSAY IDENTIFICATION OF THE APPELLANT FROM THE PHOTOGRAPHIC ARRAY.
 II. THE STATE VIOLATED THE APPELLANT'S DUE PROCESS RIGHTS UNDER THE STATE AND FEDERAL CONSTITUTIONS BY KNOWINGLY USING FALSE AND MISLEADING TESTIMONY.
 III. APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO CROSS-EXAMINE CERTAIN STATE'S WITNESSES AND BY IMPEACHING HIS OWN WITNESS BY OPENING THE DOOR TO APPELLANT'S PRIOR CRIMINAL RECORD.
 I
In his First Assignment of Error, appellant contends the trial court erred by allowing Captain VanHorn's testimony concerning the photographic array. Appellant previously raised this issue, in his Second Assignment of Error, on direct appeal. Since we previously addressed this issue, the doctrine of res judicata bars reconsideration. "The principles of res judicata may be applied to bar further litigation in a criminal case of issues which were raised or could have been raised previously in an appeal." State v. Sizemore (1998), 126 Ohio App.3d 143, 146, citing State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. Appellant's First Assignment of Error is overruled.
 II, III
We will address appellant's Second and Third Assignments of Error simultaneously. Appellant maintains, in his Second Assignment of Error, that the trial court violated his right to due process by permitting the state to use false and misleading testimony. In his Third Assignment of Error, appellant contends his trial counsel was ineffective when counsel failed to cross-examine certain witnesses called by the state and by opening the door to his prior criminal record. We will not address the merits of these assignments of error because they do not raise issues that we are permitted to address under App.R. 26(B). Pursuant to App.R. 26(B)(7), if an application for reopening is granted, "[t]he parties shall address in their briefs the claim that representation by prior appellate counsel was deficient and that the applicant was prejudiced by that deficiency." Appellant does not claim, in his Second and Third Assignments of Error, that he received ineffective assistance of appellate counsel. Therefore, we will not address these assignments of error as they are not properly before us in accordance with App.R. 26(B). We would also note that appellant did not set forth any assignments of error concerning the various appeals he filed on August 28, 1997; May 26, 1998; and June 5, 1998; even though we consolidated these appeals with the reopened case. Appellant's Second and Third Assignments of Error are overruled.
For the foregoing reasons, pursuant to App.R. 26(B)(9), we confirm the prior decision of this court.
By: Wise, J. Farmer, P.J., and Reader, V. J., concur.