DECISION AND JOURNAL ENTRY
Defendant, Patrick Harrett, has appealed from his conviction in the Lorain County Court of Common Pleas. We reverse.
Defendant was convicted of one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1); two counts of trafficking in heroin, in violation of R.C. 2925.03(A); and three counts of permitting drug abuse, in violation of R.C. 2925.13(B). Defendant timely appealed and this Court affirmed his conviction. State v.Harrett (Aug. 12, 1998), Lorain App. No. 97CA006877, unreported. This Court reopened Defendant's appeal upon his timely application. Defendant has raised five assignments of error for review.
 ASSIGNMENT OF ERROR II The trial court's failure to instruct the jury about every element of engaging in a pattern of corrupt activity constitutes a denial of due process and of [Defendant's] right to trial by a jury.
In his second assignment of error, Defendant urges reversal of his conviction due to inadequate jury instructions on the count of engaging in a corrupt activity. Specifically, Defendant contends that the trial court failed to instruct the jury that the State was required to prove that the proceeds from Defendant's alleged corrupt activity exceeded $500, as required by R.C. 2923.31(I)(1)(c). Defense counsel objected to the faulty instruction.
The State, both in its reply to Defendant's application to reopen his appeal and in its brief, conceded that the trial court erred in its failure to instruct the jury on the monetary element of engaging in a corrupt activity and that the error warranted a new trial. Accordingly, the second assignment of error is sustained.
 ASSIGNMENT OF ERROR I [Defendant's] conviction for engaging in a pattern of corrupt activity constitutes a denial of due process because there was insufficient evidence to prove the offense.
Defendant argues in his first assignment of error that his conviction for engaging in a pattern of corrupt activity was not supported by sufficient evidence.
Defendant previously raised this issue on direct appeal where he argued his convictions were against the manifest weight of the evidence. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v.Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4. Since we previously addressed this issue, the doctrine of res judicata
bars reconsideration. See State v. Sizemore (1998), 126 Ohio App.3d 143,146. Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR III The trial court committed plain error and denied [Defendant] due process of law by permanently revoking his driver's license without the authority to do so. Trial counsel was ineffective for failing to object to the permanent revocation.
 ASSIGNMENT OF ERROR IV The trial court plainly erred by failing to satisfy the statutory requirements for imposing consecutive sentences. Trial counsel was ineffective for failing to object.
 ASSIGNMENT OF ERROR V Trial counsel was ineffective for failing to request jury instructions about the use of taped evidence, and for failing to object to the jury's use of a deposition transcript during deliberations.
 ASSIGNMENTOF ERROR VI Appellate counsel was ineffective for failing to raise the preceding assignments of error in [Defendant's] first appeal as of right.
Pursuant to App.R. 12(A)(1)(c), this Court's disposition of the second assignment of error renders Defendant's third, fourth, fifth, and sixth assignments of error moot and accordingly, they will not be addressed.
Defendant's first assignment of error is overruled. Defendant's second assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ LYNN C. SLABY
BAIRD, P. J., CARR, J., CONCUR.