DECISION
{¶ 1} On December 28, 2004, defendant-appellant, Kevin A. Tolliver, filed an application for reopening his appeal and the judgment of this court rendered in State v. Tolliver, Franklin App. No. 02AP-811, 2004-Ohio-1603. On appeal, this court affirmed appellant's judgment of conviction and sentence in the Franklin County Court of Common Pleas for murder with a firearm specification. This court's judgment entry was filed on March 30, 2004.
 {¶ 2} App.R. 26(B) provides that an application for reopening shall contain a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment.
 {¶ 3} Appellant's application was filed almost nine months from journalization of this court's judgment in the appeal. Because the application was not filed within the 90-day period, appellant must show good cause for the untimely filing.
 {¶ 4} Following this court's journalization of its judgment, appellate counsel filed a notice of appeal in the Supreme Court of Ohio on May 13, 2004. On August 4, 2004, the Supreme Court declined jurisdiction and dismissed the appeal as not involving any substantial constitutional question.
 {¶ 5} Appellant, through his appellate counsel, moved for reconsideration. On September 29, 2004, the Supreme Court denied appellant's motion for reconsideration.
 {¶ 6} On December 28, 2004, exactly 90 days from the date the Supreme Court denied reconsideration, appellant, acting pro se, filed the instant application for reopening.
 {¶ 7} Citing Eads v. Morgan (N.D.Ohio 2003), 298 F.Supp.2d 698, appellant claims good cause to delay the filing of his application based on the date the Supreme Court denied his motion for reconsideration. He claims that the 90-day period began to run no earlier than the day following the Supreme Court's denial of reconsideration. Appellant's claim is premised upon the theory that appellate counsel's continued representation through the proceedings in the Supreme Court excused appellant from independently preparing and filing an App.R. 26(B) application for reopening in this court until appellate counsel's representation ended. This court disagrees.
 {¶ 8} In Eads, Daniel T. Eads filed a petition for a writ of habeas corpus in the United States District Court, Northern District of Ohio. Eads was incarcerated at an Ohio prison where the respondent, John Morgan, served as warden. Eads' federal petition claimed the ineffective assistance of state appellate counsel. Morgan claimed that Eads had procedurally defaulted his federal claims in state court by his untimely filing of an App.R. 26(B) application for reopening, which was denied by the Eighth District Court of Appeals in part because the application was untimely filed. Eads appealed the denial of his application for reopening. The Supreme Court affirmed the decision of the court of appeals to deny the application.
 {¶ 9} In his federal habeas petition, Eads argued that he had not procedurally defaulted his federal claims in state court because he had filed his application for reopening without the assistance of counsel. Eads argued that the application for reopening is part of the direct appeal process under Ohio law, and that, consequently, he was constitutionally entitled to the assistance of counsel in preparing and filing his application for reopening. Because Eads did not have the assistance of counsel for his application for reopening, Eads argued that prejudice is presumed and, thus, his federal habeas claims were preserved.
 {¶ 10} In Eads, the magistrate judge (the parties consented to his jurisdiction) determined that the Supreme Court had not spoken to the issue of whether the application for reopening is part of the direct appeal from a judgment of conviction. Consequently, the magistrate judge certified two questions to the Supreme Court under S.Ct.Prac.R. XVII:
* * * (1) Is an application to reopen an appeal under Ohio Rule of Appellate Procedure 26(B) part of the direct appeal from a judgment of conviction?
(2) If so, does the application become part of the direct appeal at the time of its filing or only upon the granting of the application?
 {¶ 11} In Morgan v. Eads, 104 Ohio St.3d 142, 2004-Ohio-6110, the Supreme Court answered the questions certified from the United States District Court in Eads. The court answered "no" to the first question. In light of that answer, the court considered the second question moot. Thus, the court held that an application for reopening is not part of the direct appeal. Consequently, while there is a constitutional right to the effective assistance of appellate counsel during the direct appeal, there is no such right during an application for reopening. Morgan at ¶ 19-22. The procedure to appoint counsel under App.R. 26(B)(6)(a), where an indigent defendant raises a genuine issue as to whether he was deprived of the effective assistance of appellate counsel, is one that Ohio has chosen to provide. Ohio has no constitutional obligation to provide counsel to those defendants who file applications under App.R. 26(B). Morgan at ¶ 22.
 {¶ 12} As the state appropriately argues here, there is no "continued representation" exception to App.R. 26(B)'s filing deadline. Appellant could have filed his application for reopening on his own within 90 days of the journalization of this court's appellate judgment, even though his appellate counsel continued to represent him in an appeal to the Supreme Court. See State v. Gumm, 103 Ohio St.3d 162, 2004-Ohio-4755, at ¶ 9.
 {¶ 13} S.Ct.Prac.R. II(2)(D)(1) states:
After an appeal is perfected from a court of appeals to the Supreme Court, the court of appeals is divested of jurisdiction, except * * * to rule on an application timely filed with the court of appeals pursuant to App.R. 26 * * *.
 {¶ 14} Thus, this court has jurisdiction to consider an application under App.R. 26(B) even though an appeal of this court's judgment in the direct appeal is pending before the Supreme Court. See Morgan.
 {¶ 15} We recognize that S.Ct.Prac.R. II(2)(D)(1) addresses this court's jurisdiction over an application for reopening filed during an appeal to the Supreme Court rather than the issue of good cause for delay of the application's filing. Nevertheless, we view the rule as directing the defendant to file his application for reopening during the 90-day period regardless of an appeal to the Supreme Court. Moreover, appellate counsel's continued representation during the appeal to the Supreme Court does not prevent the defendant from independently filing an application for reopening in this court during the appeal to the Supreme Court. SeeGumm.
 {¶ 16} In support of his application, appellant submitted his affidavit in which he avers that his appellate counsel never discussed possible ineffective assistance claims with him until after the proceedings in the Supreme Court were concluded. Appellant also submitted a letter from his appellate counsel dated October 5, 2004, in which appellant was informed:
Enclosed is a copy [of] the order from the Ohio Supreme Court denying the reconsideration motion. This comes as no surprise. You are now in a position to move into federal court. Obviously if you are filing an App.R. 26(B) motion-you should do that before federal court and again I highly recommend filing that. * * *
 {¶ 17} The alleged failure of appellate counsel to inform appellant of possible ineffective assistance claims until after the proceedings in the Supreme Court were concluded is not grounds for delay of the filing of the application for reopening. As previously noted, appellant has no right to counsel in the preparation and filing of an application for reopening. Thus, appellate counsel's alleged failure to timely inform appellant of ineffective assistance claims is irrelevant to the question of good cause for the delayed filing.
 {¶ 18} Appellant also submitted a letter from an assistant state public defender, dated October 22, 2004. The letter states:
This letter will confirm our telephone conversation with respect to my review of your case for merit to file a delayed application for reopening under Ohio's Appellate Rule 26(B). Given my current caseload and competing deadlines, I can let you know whether our office can take your case on or before December 1, 2004. * * *
 {¶ 19} Appellant was already beyond the 90 days when the assistant public defender wrote the letter. Moreover, the letter cannot serve to extend the deadline for filing the application. The assistant state public defender has no authority to extend the App.R. 26(B) deadline, and appellant had no right to rely upon any inference in the letter that the deadline might be extended. See State v. Sizemore (1998),126 Ohio App.3d 143 (public defender's alleged failure to respond to defendant's pleas for assistance did not show good cause for defendant's failure to timely file his application).
 {¶ 20} Accordingly, for all of the above reasons, appellant's December 28, 2004 application for reopening and his request for an evidentiary hearing are denied.
Application for reopening and request for evidentiary hearing denied.
Bryant and Petree, JJ., concur.