{¶ 1} Defendant-appellant, Marcus Wilkins ("defendant"), appeals from his conviction for aggravated murder. For the reasons stated below, we affirm.
 {¶ 2} We incorporate the facts as detailed in State v. Johnson, Cuyahoga App. No. 88372, 2007-Ohio-___, which is the companion appeal of the co-defendant.
 {¶ 3} Defendant's two assignments of error state as follows:
 {¶ 4} "I. The appellant, Marcus Wilkins' convictions for aggravated murder and intimidation of a witness are contrary to the manifest weight of the evidence.
 {¶ 5} "II. The evidence was insufficient to sustain a conviction for aggravated murder as the evidence did not establish that the murder was committed with prior calculation and design."
 {¶ 6} To warrant reversal from a verdict under a manifest weight of the evidence claim, this Court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered.State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 7} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind *Page 4 
of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 8} Aggravated murder, R.C. 2903.01(A), provides that "[n]o person shall purposely, and with prior calculation and design, cause the death of another * * *."
 {¶ 9} "A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."
 {¶ 10} Defendant believes his conviction for aggravated murder was against the manifest weight of the evidence. In addition, he asserts that the evidence was insufficient to prove on the element of aggravated murder of prior calculation and design.
 {¶ 11} The time frame sufficient for finding prior calculation and design has been addressed in Ohio law. "`Neither the degree of care nor the length of time the offender takes to ponder the crime beforehand are critical factors in themselves,' but `momentary deliberation' is insufficient." State v. Taylor (1997), 78 Ohio St.3d 15, 22, quoting Committee Comment to Am. Sub. H.B. No. 511, R.C. 2903.01. The Ohio Supreme Court has repeatedly recognized that some short-lived emotional situations *Page 5 
can serve as the basis for finding the prior calculation and design element of aggravated murder. Id. (where defendant brought a gun to the scene and had strained relationship with the victim, two to three minutes [from time of argument to killing] is more than instantaneous or momentary * * * and is more than sufficient for prior calculation and design) following State v. Claytor (1991), 61 Ohio St. 3d 234; State v.Robbins (1979), 58 Ohio St.2d 74; State v. Toth (1977),52 Ohio St.2d 206.
 {¶ 12} There was sufficient evidence of prior calculation and design to submit the aggravated murder charge to the jury and the jury did not clearly lose its way in concluding that the State established the essential elements of aggravated murder beyond a reasonable doubt.
 {¶ 13} The evidence in the record supported defendant's conviction for aggravated murder and it was not against the manifest weight of the evidence.
 {¶ 14} Defendant's alibi witness was his girlfriend, with whom he had a child. She testified that defendant returned home at 4 a.m., thus suggesting that he could not have murdered the victim whose estimated time of death was somewhere between midnight and 4 a.m. Conversely, three eyewitnesses said they saw defendant kill the victim. Substantial testimony consistently placed defendant at the scene and maintained that defendant intended to kill the victim because he felt the victim had disrespected him. The testimony also establishes that defendant told the victim he would "get the last laugh," that he and his cousin later confronted the victim, and that they beat and killed the victim. *Page 6 
 {¶ 15} It was within the province of the jury to resolve any inconsistencies in the evidence and also to assess the credibility of the witnesses. After weighing the evidence under the appropriate standard of review, it does not lead us to the conclusion that the jury "clearly lost its way" by finding defendant guilty of this crime.
 {¶ 16} Defendant's assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, PRESIDING JUDGE
 SEAN C. GALLAGHER, J., and MARY EILEEN KILBANE, J., CONCUR *Page 1