[Cite as *State v. Austin*, 2012-Ohio-1338.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 87169

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KEVIN AUSTIN

DEFENDANT-APPELLANT

---

## JUDGMENT:
## APPLICATION DENIED

---

Cuyahoga County Common Pleas Court
Case No. CR-445932
Application for Reopening
Motion No. 448790

**RELEASE DATE:**  March 27, 2012

**FOR APPELLANT**

Kevin Austin, pro se
Inmate No. 481-187
Grafton Correctional Institution
2500 S. Avon Belden Road
Grafton, OH   44044

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:   T. Allan Regas
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

MELODY J. STEWART, P.J.:

{¶1} In *State v. Austin*, Cuyahoga County Court of Common Pleas Case No. CR-445932, applicant, Kevin Austin, pled guilty to aggravated murder with a one-year firearm specification. This court affirmed that judgment in *State v. Austin*, 8th Dist. No. 87169, 2006-Ohio-4120. The Supreme Court of Ohio denied applicant's motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *State v. Austin*, 114 Ohio St.3d 1479, 2007-Ohio-3699, 870 N.E.2d 731.

{¶2} Applicant has filed with the clerk of this court an application for reopening. Applicant asserts that he was denied the effective assistance of appellate counsel because appellate counsel did not assign as error that trial counsel was ineffective for failing "to investigate defendant's mental disorders, mental impairments and Post Traumatic Stress Disorder * * * ." (Capitalization in original.) Application at 2. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.

{¶3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."

{¶4} This court's decision affirming applicant's conviction was journalized on

August 21, 2006.   The application was filed on October 24, 2011, clearly in excess of the ninety-day limit.

{¶5} Austin argues that he has good cause for the five-year delay in the filing of his application.   He avers that he has a long history of mental disorders which interfered with his ability to file his application for reopening.   He also states that he relied on the advice of an inmate legal clerk to assist him in preparing this application.

{¶6} The state has opposed Austin's application and observes that, in 2008, he filed pro se a motion for leave to withdraw his guilty plea and for resentencing in the underlying case.   Also, in 2009, Austin appealed pro se the denial of his motion for leave to withdraw guilty plea and for resentencing.   This court affirmed.   *State v. Austin*, 8th Dist. No. 93028, 2009-Ohio-6108.

{¶7} The state contends that, if Austin was able to file and prosecute pro se both his motion and an appeal on the merits in 2008 and 2009, he was capable of filing his application for reopening no later than 2009.   Austin argues, however, that he required the assistance of an inmate legal clerk to prepare his filings with the courts.

{¶8} "Just as this court has ruled that misplaced reliance on an attorney does not state sufficient good cause to justify untimely filing, so, too, misplaced reliance on a fellow inmate who is not even an attorney must also fail to state good cause. Thus, [applicant's] application to reopen is denied as untimely."   *State v. Sizemore*, 126 Ohio App.3d 143, 146, 709 N.E.2d 943 (8th Dist. 1998).   Austin's reliance on another inmate does not, therefore, demonstrate good cause for the delay in filing this application for

reopening.

{¶9} Austin also states that he "has suffered a long history of mental health issues, which have prevented him from timely and properly raising these issues in a court of law, in pursuit of his legal interests." Application at 3. He indicates that "he suffers from periods of disassociation from his primary personality due to schizoaffective disorder," *Id.*, has post-traumatic stress disorder due to three head injuries in 1988 while serving in the military and has been treated with psychiatric medications which affect his cognitive ability.

{¶10} In *State v. Brooks*, 8th Dist. No. 94978, 2011-Ohio-1679, reopening disallowed, 2012-Ohio-915, the applicant argued that he had good cause for the untimely filing of his application for reopening. Brooks stated that he had a mental health issue which interfered with his ability to work on motions and that he requested help from other inmates. He also attached mental health assessments from the Department of Rehabilitation and Correction ("ODRC"). This court noted that Brooks had submitted unauthenticated records and had made other court filings pro se. Also, ODRC categorized Brooks's condition "as 'C2,' non-serious mental illness, a lesser mental impairment." *Id*. at ¶ 10. This court concluded that Brooks had "not demonstrated that his mental illness prevented him from timely filing the application." As a consequence, this court held "that Brooks's claim of mental illness [did] not establish good cause for the untimely filing of his application." *Id*.

{¶11} Austin has made essentially the same arguments as Brooks. Austin asserts

that his mental health issues have prevented him from being able to prepare a timely application and that he has had to rely on the help of another inmate. Austin has also submitted unauthenticated records regarding his various treatments and medications. Among these is a "Mental Health Treatment Plan" which he identifies as being from the ODRC. The "C Code" listed on the treatment plan is C2, the same non-serious mental illness category as in *Brooks*. We must, therefore, conclude as this court did in *Brooks* that Austin has not demonstrated that his mental health issues have prevented him from filing a timely application for reopening. As a consequence, we must hold that Austin has failed to establish good cause for the untimely filing of his application for reopening.

{¶12} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App.R. 26(B)(1). *E.g.*, *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, and *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970. Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. *See, e.g.,State v. Almashni*, 8th Dist. No. 92237, 2010-Ohio-898, reopening disallowed, 2012-Ohio-349.

{¶13} As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.

MELODY J. STEWART, PRESIDING JUDGE

KENNETH A. ROCCO, J., and

KATHLEEN ANN KEOUGH, J., CONCUR