[Cite as *State v. Wilkins*, 2012-Ohio-3681.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 88389

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MARCUS WILKINS

DEFENDANT-APPELLANT

---

## JUDGMENT:
## APPLICATION DENIED

---

Cuyahoga County Common Pleas Court
Case No. CR-468565
Application for Reopening
Motion No. 457199

**RELEASE DATE:**     August 16, 2012

**APPELLANT**

Marcus Wilkins, Pro Se
No. 504-727
Lorain Correctional Institution
2075 South Avon-Belden Road
Grafton, Ohio 44044

**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Matthew E. Meyer, Esq.
Assistant Prosecuting Attorney
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, P.J.:

{¶1} In *State v. Wilkins*, Cuyahoga C.P. No. CR-468565, applicant was convicted of aggravated murder and intimidation of a crime victim or a witness, both with firearm specifications. This court affirmed that judgment in *State v. Wilkins*, 8th Dist. No. 88389, 2007-Ohio-2504.

{¶2} Applicant has filed with the clerk of this court an application for reopening. Applicant asserts that he was denied the effective assistance of appellate counsel because appellate counsel did not assign as error that trial counsel was ineffective. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.

{¶3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."

{¶4} This court's decision affirming Wilkins's conviction was journalized on June 4, 2007. The application was filed on July 27, 2012, clearly in excess of the ninety-day limit.

**{¶5}** Wilkins states that he was unable to perfect an appeal to the Supreme Court of Ohio because he is not an attorney. He also indicates that he had no knowledge of his right to file an application for reopening. This court has observed repeatedly, however, that being a lay person, ignorance of the law and reliance on counsel are not grounds for establishing good cause. *See, e.g.*, *State v. Arcuri*, 8th Dist. No. 84435, 2008-Ohio-1083.

**{¶6}** In the application, Wilkins also states: "Moreover, shortly after I was sentenced my grandmother passed, and the day I received this court's judgment affirming the convictions, my mother was diagnosed with cancer, and ultimately passed as well, which took a serious toll on me." Application at 4. Although we recognize that life's circumstances present challenges, we must apply the established standards to determine whether a party has presented good cause for filing an untimely application for reopening.

**{¶7}** Initially, we note that Wilkins indicates that the death of his grandmother occurred shortly after his sentencing. The entry memorializing the trial court's sentence was journalized on June 2, 2006. This court's judgment affirming the trial court's judgment was released on May 24, 2007 and journalized on June 4, 2007. Wilkins has not provided this court with any authority for the proposition that an event occurring approximately one year prior to the commencement of the 90-day period for filing an application for reopening is a basis for determining that the appellant had good cause for the untimely filing of an application for reopening.

{¶8} Regarding his mother's illness, Wilkins indicates that her diagnosis coincided with the release of this court's judgment. He does not specify the duration of that illness, however.

{¶9} This court has held that the applicant's own physical illness is not necessarily good cause for the untimely filing of an application for reopening. Rather, the applicant must establish that the illness prevented him or her from filing a timely application. *See, e.g.*, *State v. Demars*, 8th Dist. No. 62148, 2006-Ohio-3833. Likewise, this court has also held that the existence of applicant's mental illness does not necessarily provide good cause for the untimely filing of an application for reopening. Rather, we have held that the applicant must demonstrate that the mental illness prevented the timely filing of an application for reopening. *State v. Austin*, 8th Dist. No. 87169, 2012-Ohio-1338.

{¶10} We reach a similar conclusion regarding Wilkins's assertions that the losses in his family demonstrate good cause for a five-year delay in the filing of his application for reopening. Wilkins has not demonstrated that his grandmother's death and his mother's illness and death caused the delay. As a consequence, we must hold that Wilkins has not shown good cause for the untimely filing of his application for reopening.

{¶11} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App.R. 26(B)(1). *See, e.g.*, *State*

*v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, and *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970. Wilkins's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. *See, e.g., State v. Almashni*, 8th Dist. No. 92237, 2010-Ohio-898, reopening disallowed, 2012-Ohio-349.

{¶12}    Accordingly, the application for reopening is denied.

_____
JAMES J. SWEENEY, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR