[Cite as *State v. Kinney*, 2024-Ohio-5018.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MONROE COUNTY


STATE OF OHIO,

Plaintiff-Appellee,

v.

JASON KINNEY,

Defendant-Appellant.

---

### OPINION AND JUDGMENT ENTRY
### Case No. 22 MO 0002

---

Application for Reopening

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. James L. Peters*, Monroe County Prosecutor, for Plaintiff-Appellee

*Jason Kinney*, *Pro se*, for Defendant-Appellant.

Dated:  October 9, 2024

**PER CURIAM.**

**{¶1}** On March 18, 2024, Appellant Jason Kinney filed a pro se application for reopening of his direct appeal in which we affirmed his conviction for possession of drugs. A criminal defendant may apply for reopening of a direct appeal based on a claim of ineffective assistance of appellate counsel. App.R. 26(B)(1). It is insufficient for the applicant seeking reopening to merely allege that appellate counsel rendered ineffective assistance for failing to brief certain issues. Rather, the application must demonstrate that there is a "genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

**{¶2}** Pursuant to App.R. 26(B)(1), Appellant was required to file his application for reopening within 90 days of the journalization of our judgment entry. "Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved." *State v. Gumm*, 2004-Ohio-4755, ¶ 7.

**{¶3}** Our Opinion in this matter was filed and journalized on July 13, 2023. Appellant's application is over five months late. If the application for reopening is not filed within 90 days, the applicant must make a showing of good cause justifying the delay in filing. *State v. Dew*, 2012-Ohio-434, ¶ 6 (7th Dist.). Appellant's justification for filing the delayed application is his assertion that he was waiting until his appeal to the Ohio Supreme Court was resolved before filing the instant application for reopening. He did file an appeal to the Ohio Supreme Court on October 10, 2023, which was dismissed on January 31, 2024 due to failure to prosecute. *State v. Kinney*, 2024-Ohio-302.

**{¶4}** A court of appeals "has jurisdiction to consider an application under App.R. 26(B) even though an appeal of this court's judgment in the direct appeal is pending before the Supreme Court." *State v. Tolliver*, 2005-Ohio-2194, ¶ 14 (10th Dist.). There was no legal reason for Appellant to delay finding his App.R. 26(B) application until after some resolution of his appeal to the Ohio Supreme Court. This was simply a choice on Appellant's part. Appellant does not contend that he was negligent or mistakenly failed to timely file his App.R. 26(B) application. He simply wanted to see what the Ohio Supreme Court was going to do, first. Even after his appeal to the Supreme Court was dismissed for lack of prosecution, he waited another six weeks to file his application for reopening.

**{¶5}** Appellant's explanation for delaying the filing of his application for reopening does not constitute good cause for the delay. Therefore, the application for reopening is denied.

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**