[Cite as *State v. Bender*, 2025-Ohio-5664.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

WILLIAM HERBERT BENDER, II,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 23 BE 0012

---

Application to Reopen

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor, and *Atty. Jacob A. Manning*, Assistant Prosecuting Attorney, Belmont County Prosecutor's Office, for Plaintiff-Appellee and

William H. Bender, II, *Pro se*, Defendant-Appellant.

Dated: December 17, 2025

**PER CURIAM.**

{¶1}    Appellant William Herbert Bender, II has filed an application to reopen his appeal pursuant to App.R. 26(B).  He submits he recently learned of App.R. 26(B) and he needed more time to finalize proceedings in the Ohio Supreme Court.  He raises two assignments of error, neither of which assert the ineffectiveness of appellate counsel.  For the following reasons, we deny Appellant's application as untimely filed without good cause.

## Factual and Procedural History

{¶2}    Appellant was convicted and sentenced to a total prison term of 4 to 6 years.  He was sentenced for trafficking in cocaine, a second-degree felony in violation of R.C. 2925.03(A)(1) and (C)(4)(D).

{¶3}    Appellant filed an appeal of his conviction and sentence.  On December 20, 2023, we affirmed Appellant's convictions and sentence in *State v. Bender,* 2023-Ohio-4737 (7th Dist.).  Appellant appealed to the Ohio Supreme Court, but that Court declined to accept his appeal for review on April 2, 2024.  *State v. Bender*, 2024-Ohio-1228.  Appellant further filed a petition for a writ of habeas corpus in the Ohio Supreme Court, which the Court sua sponte dismissed.  *State ex rel. Bender v. Smith*, 2025-Ohio-4476.

{¶4}    On November 7, 2025, Appellant filed the instant App.R. 26(B) application to reopen our December 20, 2023 decision affirming the trial court's judgment of conviction and sentence.

## Untimely Filing

{¶5}    App.R. 26(B)(1) provides that:

(1) A defendant in a criminal case . . . may apply for reopening of the appeal from the judgment of conviction and sentence . . . based on a claim of ineffective assistance of appellate counsel.  An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

Case No. 23 BE 0012

**{¶6}** Appellant's application is untimely. His App.R. 26(B) application was due 90 days from our December 20, 2023 judgment. The instant application was filed on November 7, 2025.

**{¶7}** Appellant submits he untimely filed the instant petition because he just recently learned of App.R. 26(B). He also submits it made sense to wait until the Ohio Supreme Court finalized his direct appeal and petition for a writ of habeas corpus before filing the instant application. He asserts he needed more time to compile documentation.

**{¶8}** Appellant has not established good cause for his untimely filing of the instant application. The 90-day requirement in the rule applies to all appellants. *State v. Winstead*, 74 Ohio St.3d 277, 278 (1996).

**{¶9}** Lack of legal training and ignorance of the law do not constitute good cause for the untimely filing of an App.R. 26(B) application. *State v. Gumm*, 2004-Ohio-4755, quoting *State v. Reddick*, 72 Ohio St.3d 88, 91 (1995). Thus, Appellant's lack of knowledge concerning App.R. 26(B) does not excuse his failure to timely file the application.

**{¶10}** Further, we have rejected Appellant's additional explanation for the untimely filing of an App.R. 26(B) application. In *State v. Kinney*, 2024-Ohio-5018, ¶ 4-5 (7th Dist.), we held that the appellant had no legal reason to delay filing his App.R. 26(B) application until after the Ohio Supreme Court resolved his direct appeal. We held that we had jurisdiction to consider the App.R. 26(B) application, even when a direct appeal was pending before the Ohio Supreme Court. *Id.* at ¶ 4, quoting *State v. Tolliver*, 2005-Ohio-2194, ¶ 14 (10th Dist.). Accordingly, we held that Kinney failed to establish good cause for his untimely filing of an App.R. 26(B) in this Court because he had a pending appeal before Ohio Supreme Court. *Id.* at ¶ 5.

**{¶11}** Similarly here, we reject Appellant's assertion that he delayed filing his App.R. 26(B) application because he wanted to wait for proceedings in the Ohio Supreme Court to be finalized. This explanation does not constitute good cause for Appellant's untimely filing of his App.R. 26(B) application.

**{¶12}** Accordingly, we deny Appellant's App.R. 26(B) application for reopening because he failed to demonstrate good cause for his untimely filing.

**JUDGE MARK A. HANNI**

**JUDGE CHERYL L. WAITE**

**JUDGE KATELYN DICKEY**

#### <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**